•JUDGE ROBERTSON
delivered the opinion op the court:
This appeal brings before this court for revision a judgment for six hundred dollars, in an action by the appellee against the appellant on a policy insuring against the perils of the river a lot of mules shipped on the steamboat “ Lady Gay,” from the city of Louisville to Friar’s Point, on the Mississippi river.
The petition alleged that eight of the insured mules were scalded on the voyage by some unexplained escape of steam, which reducéd their value to the extent of six hundred dollars; and on a full issue and much testimony, the judge, to whom both law and facts were submitted, *292 rendered judgment for the amount claimed in the petition.
An authenticated bill of exceptions purports to recite all the evidence on the trial; but, there having been no motion for a new trial, the preliminary question, whether, without such motion made and overruled, this court can entertain the appeal, meets us at the threshold.
The Code, merely regulating but not requiring a motion for a new trial in this class of cases, sheds no new light on this question, which must, therefore, be decided on common law principles and analogies.
To authorize the revision and reversal of a decree in equity, no petition for a rehearing has ever been required, because the chancellor, having once decided the whole case on both the law and the facts, may not be expected to revoke it, and need not be required to repeat it before this court can rectify it. An intimation to the contrary in Humphreys vs. Walton (2 Bush, 580), was obiter, and is not regarded as authoritative or right, if it could, as we think it ought not to, be understood as intending more than that, unless such motion be made within a prescribed time, the court would not be bound to hear it or sign any bill of exceptions so as to bring the case to this court.
But the presumption is reasonable, that if the verdict of a jury is unsustained by the facts, the presiding judge, who has given no opinion on them, will, on motion, grant a new trial, which is his incidental province in the superintendency of jury trials; and, consequently, unless he has refused a new trial, this court will not grant it to a recusant party who would not seek it first in the proper forum; and this has been hitherto adjudged by this court more than once.
*293 Substantially there is a perfect analogy between a decision by a chancellor on the facts embodied in the recox*d, and a judgment by a common law judge, on the facts spread on the record by bill of exceptions; and we can perceive no consistent reason why we should require a motion for a new trial in either case, or' in one and not in the other.
We will, therefore, take cognizance of this appeal, and must consider the judgment of the judge just as we should the verdict of a jury for whom he was substituted by the pai’ties.
The fact that eight of the appellee’s mules were injured on the steamboat by steam escaping from some/ unknown cause, is sufficiently proved; and if the proximate cause should be presumed to have been one of the perils insured against, the judgment is x-ight and not excessive.
Excepting barratry, which is specially insured against, and negligence or unskillfulness of the carrier, uninsured against by the policy, “perils of the sea” or of “the river,” as insured against in marine policies, are generally understood to mean dangers peculiai’ly incident to the insured goods on that element in the craft used for their transportation, and to which they would not have been liable on land.
According to this definition, the motive power of the boat in this case, often so destructive when not skillfully regulated and carefully controlled, must be admitted to be a pex’il of the river to which the mules were liable in their transportation. An escape of steam without the fault of the officers of the steamboat “ Lady Gay,” and whereby some of the mules, prudently stationed on board, were injured, must be a peril of the river; and, consequently, the only remaining *294 question as to the appellant’s liability is, whether the proximate cause of the accident in this case was the negligence or unskillfulness of any agent of the boat, for which it, and not the insurer, should be held responsible; and, in this vexed question, the evidence and scientific deductions from it are apparently so conflicting, that, whatever may be the actual preponderance, a verdict either way could not have been consistently set aside; and, consequently, as we must treat the finding of the judge as we should that of a jury, we cannot reverse, but must affirm, his judgment; and, therefore, it is hereby affirmed.