JUDGE .HARDIN
delivered the opinion oe the court.
On the 12th day of December, 1856, B. Leet, as attorney for the appellants, placed in the hands of L. D. Boss, an attorney at law, two promissory notes, payable to the appellants — one of them on B. P. Thomas for $126.71, and the other on D. D. Thomas and B. P. Thomas for one hundred dollar’s, for which Boss executed his receipt to Leet as attorney, as aforesaid, containing a covenant in these words: “ which I am to collect if I can, and account for when collected.”
The appellants brought this action against Boss on the 20th of April, 1863, for the amount of said claims, which they alleged he had collected and failed to pay over or account 'for according to said stipulation in his receipt.
Boss answered the petition, admitting the receipt of the notes for collection, and that they were thereafter satisfied by the payers; but he alleged, in avoidance of the action, that after he received the notes lie was authorized by Leet to allow the obligors to pay the same in fire-brick to H. B. Stall, a partner of the defendant in the manufacture of fire-brick, and that payment was so made with the sanction of Leet, he having authority to do so; and Stall thereafter held the brick as the property of the plaintiff's, who neglected to receive the same.
*105 -A demurrer of the plaintiffs to this answer was, we think, properly overruled; for, although the authority alleged to have been conferred was in parol, and difieren t from that implied by the receipt, the attorney’s authority might have been enlarged byuven a parol agreement made subsequent to the transaction proved by the receipt.
In the progress of the case Ross died, and the action was revived against his executrix, who also died, and the suit was again revived against the present appellee as his administrator de bonis non; and in the . mean time ah amended answer was filed, alleging in substance that more than five years had elapsed since the alleged collection of the money by Ross when the suit was brought.
A jury trial was waived by the parties, and the case was submitted for trial to the court alone; and thereupon a judgment was rendered dismissing the action, and from that judgment this appeal is prosecuted.
As appears from the record, the only evidence which was heard by the court was the ■ covenant sued on and the deposition of D. D. Thomas, and the notes described in Ross’s receipt made part of said deposition. Thomas expressly proved the payment of said notes to said Stall and Ross on the 20th day of July, 1857.
It is argued for the appellee, in support of the judgment: first, the receipt and covenant of Ross being made to Leet, the plaintiffs could not maintain the action; second, the judgment is in accordance with the evidence, or if it is not, the parties having submitted the trial of the facts to the court instead of a jury, there was not such a preponderance of evidence against the judgment as would authorize its reversal by this court; third, the action was barred by limitation.
In our opinion, the judgment can not be sustained on either of these grounds.
*106 Relative to the point first stated it is sufficient to say that, as Beet’s capacity of attorney for the plaintiffs is expressly disclosed in the receipt of Ross, the agreement to collect and account for the notes described in it was, according to well-settled law, a covenant to the principles on which they could maintain an action in their own names, and that was their appropriate remedy. (1 Story on Contracts, sec. 188.)
The next inquiry is whether there is such a preponderance of evidence against the judgment of the court as, on that ground, to require a reversal. In the case of the Union Insurance Company of Louisville v. Groom, 4 Bush, 289, it was said by this court that “substantially there is a perfect analogy between a decision by a chancellor on the facts embraced in the record and a judgment by a common law judge on the facts spread on the record by bill of exceptions.” In neither ease should a judgment be reversed as against the evidence unless the preponderance of the evidence appears to be with reasonable certainty against the judgment. But in this ease it is proved by the testimony of Thomas, against which there is no countervailing evidence, that the notes were paid to the firm of Stall & Ross, of which Ross was a member. This, in view of Ross’s receipt of the notes for collection, and the failure of the defendant to prove that they were discharged in the way alleged in the answer, was equivalent to a payment to him; and it authorized a recovery against his estate unless the action was barred by limitation.
The judgments therefore can only be sustained, if at all, on the hypothesis that the plaintiffs’ remedy was in the nature of an action of assumpsit for money had and received, and was barred by the lapse of five years after the payment of the notes, and not a suit on the covenant to pay over the money. But this position is in conflict with *107 the view we have already expressed, that the action was properly brought on the covenant.
Wherefore the judgment being deemed erroneous is reversed, and the cause remanded for a new trial, and,for further proceedings not inconsistent with this opinion.