JUDGE HARDIN
delivered the opinion of the court:
The objections taken to the verdict and judgment in ■ this case, if at any time available, might, in proper time, have been presented for the action of the court as grounds for a new trial.
But the Civil Code (section 371) requires, except in a class of cases which does not embrace this, that the application for a new trial must be made at the term the verdict or decision is rendered, and shall be within
*473 three days after the verdict or decision was rendered, unless unavoidably prevented.
The verdict and judgment were rendered in this casé on the 31st day of May, 1866, and no application ■ was made for a new trial until on the 4th day of June, 1866, and no reason is shown why the motion was not made at an earlier day.
The provision of the Code referred to is imperative, where the failure to make the application in proper time is not shown to have been unavoidable. (Harris vs. Ray, 15 B. Monroe, 628.)
Conceding that one of the intervening days between the 31st of May and 4th of June was, as has been suggested, a Sunday, still, computing the day on which the judgment was rendered, the application was not made within three juridical days after the judgment was rendered: It was said by this court, in the case of Chiles vs. Smith's heirs (13 B. Monroe, 460), that “when the computation is to be made from an act done, the day in which the act was done must be included ;” but the rule is held to be otherwise where the computation is from the day itself. In the case of Batman vs. Megowan, &c. (1 Metcalfe, 548), the same rule is fully recognized; and in Long vs. Hughes (1 Duvall, 387), it is expressly affirmed, and decided to apply to the computation of the time within which an application for a new trial may be made.
As the application was not, therefore, made within three juridical days after the rendition of the judgment, the court of common pleas correctly decided that it “ was not made in time.”
Wherefore, the judgment is affirmed.