CASE 14—PETITION ORDINARY—OCTOBER 5.

## Humphreys vs. Walton, &c.

APPEAL FROM MASON CIRCUIT COURT.

1.   On an issue and trial of facts by a jury or the court, a motion for a new trial is essential to correct the errors growing out of the evidence or instructions before an appeal can be entertained by the court of appeals.

2.   A new trial is a re-examination in the same court of an issue of fact after a verdict by a jury or a decision by the court. (*Civil Code, sec.* 369.)

3.   A motion for a new trial must be made *at the term* the verdict or decision is rendered, and *within three days* after the verdict or decision was rendered, unless unavoidably prevented, except in that class of cases mentioned in *subdivision* 7 *of section* 369, *Civil Code.*

4.   A judgment or final order may be reversed or modified by the court of appeals for errors appearing in the record. (*Civil Code, sec.* 575.)

5.   If a party in whom no right of action exists should bring a suit, and this be apparent from his own petition, and the defendant should fail to answer, and judgment by default be rendered, yet he might have a reversal without any motion for a new trial, and in many other cases of errors appearing in the record.

Humphreys vs. Walton, &c.

L. Hord,                                             For Appellant,

CITED—

3 *Stat. Law, p.* 35.

*Code, sec.* 895.

Harlan & Harlan,                                   For Appellees,

CITED—

*Code, secs.* 369 *to* 373, *inclusive.*

*Code, secs.* 574 *to* 578, *inclusive.*

JUDGE WILLIAMS DELIVERED THE OPINION OF THE COURT:

Appellant was plaintiff below, and obtained a verdict and judgment, which appellees moved to set aside, and for a new trial, which the court overruled; whereupon, they appealed to this court, which affirmed the judgment.

Appellant did not ask for a new trial below, but resisted the granting of one to the appellees; he did not assign cross-errors in this court, nor ask for a cross-appeal, but resisted a reversal, after which he prosecutes this original appeal to reverse the judgment.

By *section* 369, *Civil Code,* a new trial is defined to be " a re-examination in the same court of an issue of fact after a verdict by a jury or a decision by the court."

By *section* 371, " the application for a new trial must be made at the term the verdict or decision is rendered," and " within three days after the verdict or decision was rendered, unless unavoidably prevented," except in that class of cases mentioned in *subdivision* 7 *of section* 369.

This court has often held, that unless the application for a new trial be made within three days, it comes too late, unless it falls within the exceptions named All errors must be deemed waived by the party complaining, should he delay to move for a new trial longer than the time mentioned. Much more so must this be the case where he not only fails to move for a new trial, but

resists the granting of a new trial and a reversal on the application of his adversary.

It may be that a cross-appeal is but a cumulative remedy; and the failure to avail himself of this would not bar his remedy by original appeal. However this may be, he is certainly precluded from a reversal and retrial of an issue of fact, when he has failed to move for a new trial in the court below.

Nor are *sections* 369 and 371 modified by *section* 575, which provides that "a judgment or final order may be reversed or modified by the court of appeals for errors appearing in the record." If a party in whom no right of action exists should bring a suit, and this be apparent from his own petition, and the defendant should fail to answer, and judgment by default be rendered, yet he might have a reversal without any motion for a new trial, and in many other cases of errors appearing in the record; but on an issue and trial of fact by a jury or the court, a motion for a new trial is essential to correct the errors growing out of the evidence or instructions before an appeal can be entertained by this court.

Wherefore, the appeal is dismissed.