CASE 102—PETITION ORDINARY—FEBRUARY 12.

# Newport News, &c., Co. v. Thomas.

APPEAL FROM HENDERSON CIRCUIT COURT.

1. MOTION TO QUASH RETURN ON SUMMONS.—A motion by defendant, a railroad company, to quash the return on the summons should have stated the grounds of the motion, and also pointed out to the plaintiffs, if within defendant's knowledge, the proper person upon whom service could be had.

2. WAIVER OF OBJECTION TO JURISDICTION.—The filing by defendant of an answer to the merits without having the court to pass upon its motion to quash, was a waiver of its right to question the jurisdiction of the court over its person, although the order filing answer recited that the motion to quash was not waived.

3. SAME.—The filing of an answer after a motion to quash the return on the summons has been overruled is not a waiver by defendant of his right to rely on any error committed to his prejudice with respect to the motion.

4. APPRAISEMENT OF STOCK KILLED ON RAILROAD—NOTICE.—In this action to recover of a railroad company the value of stock killed by one of its trains, the notice to the company for the appointment of appraisers was defective, in that it did not fix the time when the application for the appointment was to be made, and, in fact, was not addressed to the company alleged to have done the killing. Therefore, the court should not have rendered judgment for the 25 per cent. damages provided for by section 7 of chapter 57, General Statutes.

5. MOTION FOR NEW TRIAL.—As the motion for a new trial was made the next day after the court sustained the motion of plaintiff for 25 per cent. damages, it was in time to authorize the court to review the ruling of the lower court as to that matter, although it was not made within three days after the verdict of the jury was returned, and, therefore, not in time to authorize a review of the rulings of the court upon the jury trial.

6. BILL OF EXCEPTIONS.—As the bill of exceptions recites that there was no proof or evidence heard on the motion for 25 per cent. damages other than that contained in the bill on file, it is sufficient to authorize this court to review the action of the lower court on that motion.

7. SAME.—When time is given "until" a day certain to file a bill of exceptions, if it is filed "on" or before that day it is in time.

P. H. DARBY FOR APPELLANT.

1. The court should have sustained motion to quash return on summons.

(Barbourville Real Estate Co. v. Matthews, 14 Ky. Law Rep., 767; L. & N. R. Co. v. Howard, 15 Ky. Law Rep., 25.)

2. Appellee was not entitled to the twenty-five per cent. penalty. The notice did not specify either the time or place of the appraisement. (L. & N. R. Co. v. Brown, 3 Ky. Law Rep., 82.)

3. An order giving time *until* a certain day to file a bill of exceptions authorizes the filing on that day. (Freeman v. Brenham, 17 B. M., 609; Meadows v. Campbell, 1 Bush, 104; Smith v. Blakeman, 8 Bush, 476; L. & N. R. Co. v. Turner, 81 Ky., 489; Nance v. Newport News, &c., Co., 13 Ky. Law Rep., 555.)

JNO. C. GATES OF COUNSEL ON SAME SIDE.

MONTGOMERY MERRITT FOR APPELLEE.

1. An order giving time "until" the thirteenth day of the term to file bill of exceptions did not authorize the filing on that day. (Anderson's Law Dictionary p. 1069; 17 N. Y., 503; 91 N. Y., 631; Corban v. Ketchum, 87 Ind., 139; Abel v. Alexander, 45 Ind., 528.)

2. The verdict can not be questioned because the motion for new trial was not in time. (Imperial Fire Ins. Co. v. Kiernan, 7 Ky. Law Rep., 545; 9 Ky. Law Rep., 406.)

3. The twenty-five per cent. damages were only a statutory consequence of the verdict, following it as an incident or matter of course. The statute is imperative. (Gen. Stats., chap. 57, sec. 7; L. & N. R. Co. v. Brown, 13 Bush, 479.)

But if this is not the case and the notice for the appointment of appraisers is not sufficient, the appellant can not raise the question in this court, because its pleading on that point is not sufficient, the denials of the answer being in the conjunctive. (81 Ky., 463.)

Besides, the grounds for a new trial are not sufficient to raise the question. (12 Bush, 581.)

4. Defendant by pleading to the merits waived its motion to quash return on summons. (Sheppard v. Graves, 14 How., 505; Harkness v. Hyde, 98 U. S., 476; 6 Waits' Actions and Defenses. 393–4; Smith v. Curtis, 7 Cal, 584; Bohn v. Devlin, 28 Mo., 319; Hotchkiss v. Thompson, 1 Morris (Iowa), 156.)

JUDGE HAZELRIGG DELIVERED THE OPINION OF THE COURT.

The motion of the appellant in this case to quash the return of the officer on the summons does not state the grounds of the motion. It was the duty of the defendant to have done this, and not only so, but he must have pointed out to the plaintiff, if

within his knowledge, the proper person upon whom service could be had. (Wait's Actions and Defenses, pp. 393-4, volume 6.) Moreover, without having the court to pass on its motion to quash, the defendant filed its answer to the merits, and thereby waived the question of jurisdiction over its person. The mere fact that, in the order filing the answer the motion to quash is recited as not waived, does not alter the legal effect of filing the answer, which is to waive this preliminary motion.

In Sheppard v. Graves, 14 Howard, 505, the defendants filed several pleas in abatement, objecting to the service of the summons, and at the same time pleaded to the merits of the case. Judgment was obtained for the plaintiff, and on appeal the defendants relied on their plea in abatement. The court said: "And by one of these rules (rules of common law), believed to be without an exception, it is ordained that objections to the jurisdiction of the court, or to the competency of the parties, are matters pleadable in abatement only, and that if after such matters relied on, a defense be interposed in bar, and going to the merits of the controversy, the grounds alleged in abatement become thereby immaterial, and are waived."

This is the universal practice in all courts so far as we are informed. Any other rule would allow a defendant to experiment with the court and his opponent as to the merits of the case to no purpose. When his motion is acted on, if overruled, he may answer on compulsion, as it were, and in this event he may rely on any error committed to his prejudice with respect to the motion. (Chesapeake, &c., R. Co. v. Heath's Adm'r, 87 Ky., 651.)

The verdict in this case for killing the appellee's stock was rendered on Wednesday, October 26, 1892, and the motion for a new trial was made on Saturday thereafter, which was too late. The motion, however, for a judgment for the twenty-five per cent. damages under the statute (section 7, chapter 57, General Statutes), the finding of the jury being for as much as the appraisement in the country, was made and disposed of on Friday, the 28th, and hence the motion and grounds for a new trial filed on the succeeding day, calling in question, as they did, the action of the court on the motion for damages, were filed in time, and the judgment of the court thereon may be reviewed by this court.

It is said in opposition to this view that there is no bill of exceptions on this motion for damages. But there is a bill of exceptions, showing all the evidence heard on this motion, which was filed within the time allowed by the court. When time is given until a day certain to file a bill, if it is filed *on* or before that day, it is in time. (L. & N. R. Co. v. Turner, 81 Ky., 489.) The bill of exceptions recites that there was no proof or evidence heard on the motion for twenty-five per cent. damages, other than that contained in the bill on file.

It is apparent that the notice to the company, required by the statute to be given by the owner of stock killed, for the appointment of appraisers, was not sufficient in this case, and the court should not have rendered the judgment for damages.

The notice did not fix the time when the application for the appointment was to be made, and it is not

shown that the company did appear. In fact, it was not addressed to the company alleged to have done the killing.

The judgment on the verdict can not be disturbed for the reason indicated, but to the extent that damages were awarded, the judgment is reversed for proceedings consistent with this opinion.