Commonwealth v. Standard Oil Co.

---

---

CASE 61.—PENAL ACTION BY THE COMMONWEALTH OF
KENTUCKY AGAINST THE STANDARD OIL CO.—
October 2.

## Commonwealth v. Standard Oil Co.

Appeal from Christian Circuit Court.

THOS. P. COOK, Circuit Judge.

Judgment for defendant, plaintiff appeals.—Affirmed.

1. Appeal and Error—Objections Below—Motion for New Trial—
Necessity.—Under Cr. Code Prac. section 11, providing that
proceedings in penal actions are regulated by the Code of
Practice in civil actions, the court, in the absence of a
motion and grounds for a new trial in a penal action as well
as in a civil action can only determine whether the pleadings
are sufficient to support the judgment.
2. Inspection — Statutes — Construction.—Ky. St. 1903, section
2209, pohibiting the sale or offering for sale of illuminating
oil with an ignition point of less than 130 degrees Fahren-
heit, or oil condemned by an authorized inspector and branded
unsafe for illuminating purposes, does not prohibit the owner
of oil that has been found below the test or that has been
condemned from mixing it, before it is sold or offered for
sale, with other oil, thereby bringing the entire quantity up
to the standard test.
3. Penalties — Actions — Burden of Proof. — In prosecutions,

Commonwealth v. Standard Oil Co.

whether by indictment or penal action, the burden of proving every fact necessary to establish the guilt of accused is, as a general rule, on the Commonwealth.

4. Same—Pleadings—Issues.—In a penal action, a plea of not guilty is a traverse of every material averment of the petition, and a conviction cannot be had unless accused is proven guilty beyond a reasonable doubt of the offense charged.

5. Same.—Where defendant in a penal action sets up in his answer an affirmative defense, the defense must be judged by the rules of practice applicable to pleadings in civil actions.

6. Same—Issues—Burden of Proof.—Where, in a penal action for offering for sale illuminating oil below the test fixed by Ky. St. 1903, section 2209, the petition charged that defendant offered for sale 8,000 gallons of oil that had been condemned as unsafe because below the test, and defendant admitted that the oil had been condemned as below standard, and alleged that, to bring the oil up to the standard, he put the same in a tank containing oil above the standard, thereby raising the whole body of the oil above the legal test, etc., the only issue was whether the mixture was up to the standard, and defendant had the burden to prove that it was.

7. Same.—Matters of defense in a penal action, consisting of facts either justifying or excusing or exempting from criminal liability, which are wholly disconnected from the particular offense charged, constitute affirmative matter, and the burden of proof is on defendant, unless the fact relied on otherwise appears in evidence to such an extent as to create a reasonable doubt of guilt.

8. Same.—In many statutory misdemeanors, defendant may, by relying on a distinct affirmative defense, relieve the Commonwealth of proving all the facts necessary to constitute his guilt, especially in penal actions where defendant may set up his defense in a written pleading.

9. Appeal and Error — Review. — Where defendant in a penal action for offering for sale illuminating oil below the test fixed by Ky. St. 1903, section 2209, presented a valid affirmative defense, and the evidence is not in the record, the court on appeal from a judgment for defendant after a peremptory instruction in his favor must presume that the proof offered by defendant sustained the affirmative defense.

JAMES BREATHITT, Atty. Genl. and THEO. B. BLAKEY, Asst. Atty. Gen. for appellant.

One little life of a Kentucky child, snuffed out by an explosion

---

Commonwealth v. Standard Oil Co.

---

of inferior oil, is worth more to the State and is of more value in the eyes of the court that all the millions of wealth piled up in the bursting treasury of the appellee company.

### AUTHORITIES CITED.

Meachim's Admr. v. L. & N. R. R. Co., 20 Ky. Law Rep., 112; Loving, &c. v. Warren County Court, 14 Bush, 321; Commonwealth v. Dr. Sarah A. Murphy decided at the present term of this court.

HUMPHREY & HUMPHREY and L. R. YEAMAN for appellee.

We submit that the judgment of the lower court must be affirmed for the following reasons.

1. No motion for a new trial was made on behalf of the Commonwealth, nor has the evidence introduced at the trial been properly presented for the consideration of this court by a bill of exceptions. The result is that this court, in reviewing this case, is necessarily confined to the consideration of the sufficiency of the pleadings.

2. The pleadings support the judgment because by the answer filed by appellee the facts alleged by the Commonwealth as constituting the offense charged in the petition were directly put in issue. Since this is the state of the pleadings this court will presume that the judgment was proper.

3. Even if a motion for a new trial had been made and the evidence introduced at the trial had been presented for the consideration of this Court by a proper bill of exceptions, the judgment of the lower court would nevertheless have to be affirmed because the facts as they appear in the stenographer's transcript of the evidence clearly show that the Commonwealth failed to prove any violation of the statute on the part of appellee.

### POINTS AND AUTHORITIES.

1. There being no motion for a new trial nor a bill of exceptions the only question to be considered on this appeal is whether the pleadings authorized the judgment. (Criminal Code, sec. 11, 355; Harper v. Harper, 10th Bush, 477, 451; L. & N. R. R. R. Co. v. Commonwealth, 92 Ky., 114; Helm v. Coffee, 80 Ky., 176; Anderson v. Dupree, 82 Ky., 678; Sims & Harris v. Lanehart, 19 Ky. Law Rep., 1439; Turnpike Commissioners v. L. & N. R. R. Co., 17 Ky. Law Rep., 963; L. & N. R. R. Co. v. Whitehead's Admr., 24 Ky. Law Rep., 2315; Southern Rail-

way Company v. Thurman, 25 Ky. Law Rep., 804, 76 S. W., 499; Mann v. Moore, 112 Ky., 727; C. O. & S. W. R. R. Co. v. Smith, 101 Ky., 707, 714; McAllister v. Connecticut Mutual Life Ins. Co., 78 Ky., 531; Loving v. Warren County, 14 Bush, 316, distinguished; Meacham's Admr. v. L. & N. R. R. Co., 20 Ky. Law Rep., 112— distinguished; Kistler v. Slaughter, 20 Ky. Law Rep., 1927; Brashears v. Frazier, 102 Ky., 237, 238.)

2. The pleadings support the judgment. (Kentucky Statutes, section 2203.)

3. Under the facts the peremptory instruction was proper. (Criminal Code, 238; L. & N. R. R. Co. v. Commonwealth, 112 Ky., 635, 645; Equitable Life Ins. Co .v. Com., 113 Ky., 126; . Commonwealth v. Hall, 18 Ky. Law Rep., 783).

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

This penal action was instituted in the name of the Commonwealth against the Standard Oil Company for a violation of section 2209 of the Kentucky Statutes of 1903, providing that: "If any person or persons in this State shall sell, or offer to sell, to be consumed or used in this State for illuminating purposes, any of the oils or fluids specified in section 2202, that will ignite or permanently burn at a temperature less than 130 degrees Fahrenheit, or shall sell or offer for sale, to be consumed in this State for illuminating purposes, any of the oils and fluids aforesaid, which have been condemned by an authorized inspector of this State, and the barrels, casks or packages containing the same been branded or marked by him 'Unsafe for illuminating purposes,' the persons so offending shall be guilty of a misdemeanor, and, on conviction, be punished by a fine not exceeding one hundred dollars, and the oils and fluids be forfeited and sold, and the proceeds go to the State." The petition charged, in substance, that the appellee company did offer for sale about 8,000 gallons of

oil, a product of coal, petroleum, or other bituminous substance for illuminating purposes, which oil might be used for illuminating purposes; that the oil so offered for sale had then and there and previous to the offer for sale been tested, examined, and condemned as unsafe for illuminating purposes, and the cask or tank containing the oil had been marked or branded "Unsafe for illuminating purposes" by a duly appointed and authorized inspector, who found that it would and did ignite and permanently burn at 125 degrees Fahrenheit. The appellee in the first paragraph of its answer traversed all the material averments of the petition. In the second paragraph it set out the following facts: "Further answering, defendant states that the facts concerning the 8,000 gallons of oil referred to in the petition herein are as follows. Said oil was shipped and delivered to this defendant at Cadiz, Ky., and was there condemned and marked, 'Unsafe for illuminating purposes,' by John S. Lawrence, an inspector. Thereafter, at the request of the defendant, C. O. Prowse, an inspector located at Hopkinsville went to Cadiz, and, in conjunction with Lawrence, reinspected and retested said oil, and reported to this defendant that said oil would ignite and permanently burn at a temperature slightly less than 130 degrees Fahrenheit. Thereupon this defendant shipped said oil from Cadiz to Hopkinsville, where it caused said oil to be pumped into a large storage tank owned by this defendant, and containing a large quantity of oil which would not ignite or permanently burn at a less temperature than several degrees above 130 degrees Fahrenheit. After said 8,000 gallons of oil which had been condemned as aforesaid had been pumped into and mixed with this large quantity of oil in this large tank,

the resultant mixture was inspected and tested by said C. O. Prowse, an authorized inspector of this State, and said Prowse found and notified this defendant, and it is true, that the oil composing said mixture would not ignite and permanently burn at a temperature less than 130 degrees Fahrenheit. Defendant further says that none of said 8,000 gallons of oil which had been condemned as aforesaid was sold or offered for sale by this defendant before it was pumped into said storage tank, and mixed with the oil contained therein, and became a component part of the resultant mixture." In a reply, the plaintiff denied that the resultant mixture in the large tank in Hopkinsville would not ignite or permanently burn at less than 130 degrees Fahrenheit, after the said 8,000 gallons of condemned oil was pumped into the said large tank, as alleged in defendant's answer. Upon the conclusion of the evidence for both parties, the court directed the jury to find the appellee not guilty. No motion or grounds for a new trial was made or entered. With the record in this condition, the point is made for appellee that we cannot consider the bill of evidence, and that the case must be determined on the sufficiency of the pleadings alone to support the judgment entered on the verdict. This question of practice under the decisions of this court must be ruled favorably to appellee's contention. Under section 11 of the Criminal Code of Practice, proceedings in penal actions are regulated by the Code of Practice in civil actions; so that the question must be adjudged as if this were a purely civil action. There is no statute treating particularly of this subject, but this court in more than one decision has held that in civil actions, in the absence of a motion and grounds for a new trial, there is nothing

before this court except the question whether or not
the pleadings are sufficient to support the judgment
appealed from.  L. & N. R. R. Co. v. Commonwealth,
92 Ky. 114, 13 Ky. Law Rep. 439, 17 S. W. 274;
Kistler v. Slaughter, 50 S. W. 529, 20 Ky. Law Rep.
1937.   There is an intimation to the contrary in
Meachem v. L. & N. R. R. Co., 45 S. W. 363. 20 Ky.
Law Rep. 112, but this must be regarded in conflict
with the better-considered opinions in the other
cases.   So that it may be regarded as the settled
practice that in civil actions, where a verdict is re-
turned in obedience to a peremptory instruction, there
must be a motion and grounds, for a new trial, if it
is desired to have this court consider errors com-
mitted during the progress of the trial, or pass upon
the correctness of the ruling of the lower court in
taking the case from the jury.

  This leaves to be considered only the question
whether or not the pleadings alone supported the
judgment.  The petition stated a good cause of action
for the Commonwealth, and the second paragraph
of the answer presented a good affirmative defense.
The statute prohibits the selling or offering for sale
oil that will ignite or permanently burn at a tempera-
ture less than 130 Fahrenheit, or oil that has been
branded "Unsafe for illuminating purposes."   But
it does not prohibit the owner of oil that has been
found to be below the test, or that has been con-
demned, from mixing it before it is sold or offered
for sale with other oil, thereby bringing the entire
quantity up to the statutory test.  In this particular
the appellee company, after the 8,000 gallons of oil
had been condemned and branded "Unsafe for illum-
inating purposes," had the right to pump the con-
demned oil into a larger tank in which there was

other oil, and then sell and offer for sale the resultant mixture, provided the whole of it was up to the legal standard. But, when the appellee company in its answer admitted that it placed the condemned oil in a larger tank with other oil, and, by failing to deny that it sold the resultant mixture admitted that it did so, it assumed the burden of proving that the oil in the large tank after the condemned oil had been pumped into it was up to the standard required by law, as this averment was denied by the reply. It is the general rule that in prosecutions, whether by indictment or penal actions, the burden of proving the guilt of the accused, and every fact necessary to establish it, is on the Commonwealth; and this practice would be applicable to this case if the appellee had contented itself, as it might have done, with entering a plea of not guilty or standing on the first paragraph of its answer which was in effect a plea of not guilty. Under a plea of not guilty, which in law would amount to a traverse of every material averment of the petition, a conviction could not be had unless the appellee was proven to be guilty beyond a reasonable doubt of the offense charged. But it did not content itself with entering a plea of not guilty and resting its case upon this defense. It filed, as it had the right to do, an answer setting up an affirmative defense, and, having done so, its defense must be adjudged by the averments of the pleading and the rules of practice applicable to pleadings in civil actions. L. & N. R. R. Co. v. Commonwealth, 112 Ky. 635, 66 S. W. 505, 23 Ky. Law Rep. 1900, 1986.

The answer set up a defense that was more than a traverse of the allegations of the petition and involved new matter entirely separate from and independent of the original transaction, upon which the

Commonwealth sought to recover. In the second paragraph the answer admitted that the oil mentioned in the petition was below the standard, and had been condemned as "Unsafe for illuminating purposes," and that for the purpose of bringing this oil up to the standard it put it in a tank in which there was other oil above the standard, the result being that the whole body of oil was above the legal test, and that, after mixing the oils, it sold the resultant mixture. This plea, although it denied the sale of any part of the 8,000 gallons before the mixture, was in the nature of a plea of confession and avoidance. It put into the case a distinct and affirmative defense upon which it rested its right to a verdict of acquittal. Under this defense, it was not necessary that the Commonwealth should prove that the oil mentioned in the petition would ignite or permanently burn at a temperature less than 130 degrees Fahrenheit, or that it had been branded, "Unsafe for illuminating purposes," because these two material facts were admitted. Nor was it necessary that the Commonwealth should prove that a part of the condemned oil had been sold or offered for sale, as the answer admitted that it had been after it was mixed with the other oil. So that there was only left open by the pleadings the single question of fact whether or not the oil in the large tank after the condemned oil had been mixed with it was up to the standard. The appellee affirmed that it was, and the Commonwealth denied it. Therefore the burden of proving this fact was upon the appellee. If no evidence had been introduced and the case had been submitted on the pleadings alone, judgment should have gone for the Commonwealth. There are exceptions to the general rule that places upon the Commonwealth the burden

of proof as to every element of the offense necessary to constitute the guilt of the accused. These exceptions are generally recognized, and are well stated in an article on criminal law, by authors of established reputation, in 12 Cyc. p. 380, where it is said: "Although the burden of proof is on the prosecution, even as to negative matters, such as the absence of self-defense, the want of sufficient provocation, and the like, yet by the weight of authority as to distinct and substantial matters of defense consisting of facts either of jurisdiction or excuse, or of exemption from criminal liability, which are wholly disconnected from the body of the particular offense charged, and constitute distinct affirmative matter, the burden of proof is on the defendant, unless the fact relied upon otherwise appears in evidence to such an extent as to create a reasonable doubt of guilt." State of Kansas v. Wilson, 62 Kan. 621, 64 Pac. 23, 52 L. R. A. 679; State of Connecticut v. Schweitzer, 57 Conn. 532, 18 Atl. 787, 6 L. R. A. 125. The principle announced in these authorities is uniformily applied in this State in prosecutions against persons for selling liquor without license when the accused rests its defense upon the fact that he had a license. Haskill v. Commonwealth, 3 B. Mon. 342; Orme v. Commonwealth, 55 S. W. 195, 21 Ky. Law Rep. 1412, as well as in other like cases. And is well illustrated by the practice in prosecutions for murder, where the defendant relies upon the plea of insanity, thereby assuming the burden upon this issue. The defendant may in many statutory misdemeanors, by relying upon a distinct affirmative defense, relieve the Commonwealth of the necessity of proving all the facts necessary to constitute his guilt. This is particularly true in prosecutions by penal actions where the defendant may set

up his defense in a written pleading. In the case before us, when the defendant company admitted that the oil was below the statutory test, and placed its defense upon the ground that by mixing it with other oils it cured the quality, the burden of establishing this, the only issuable fact left open, was upon it. As the answer presented a good defense, and the evidence is not in the record, we must presume that the proof offered by defendant in the lower court fully sustained its affirmative defense, and that the action of the trial judge in giving the peremptory instruction was proper. If the answer had not presented a good defense, then it would not support the judgment in favor of appellee, and on the pleadings alone a reversal would follow.

The judgment must be affirmed.