## Witt, et al. v. Lexington & Eastern Railway Company, et al.

(Decided April 15, 1914.)

### Appeal from Perry Circuit Court.

1. New Trial—Motion and Grounds for Must Be Filed in Court and Within Three Days.—A motion and grounds for a new trial must be filed in court and within three days from the day the decision complained of is rendered, and if the motion for a new trial is not filed within this time, the situation will be the same as if no grounds for a new trial had been filed.

2. New Trial—Computation of Time—Exclusion of Days.—In comput-
ing the three days allowed, Sundays and days on which the court
is not in session and does not convene, will be excluded, as the
code contemplates three juridical days, or days in which the
court is in session, and the day on which the decision is entered
and the day on which the motion and grounds for a new trial
is filed are both to be computed. For example, if the decision
is entered on Thursday, the 12th, the motion and grounds for a
new trial must be filed in court on Saturday, the 14th, if the
court is in session on Friday and Saturday.

3. New Trial—Motion and Grounds for—Effect of Failure to File
in Time.—When the motion and grounds for a new trial is not
filed in time, the judgment will be affirmed on appeal if the
pleadings support the judgment.

4. New Trial—Motion and Grounds for—Peremptory Instruction.—
A motion and grounds for a new trial is necessary to enable this
court to review the action of the lower court in sustaining a
peremptory instruction.

H. C. FAULKNER, F. J. EVERSOLE and JOHN C. EVERSOLE
for appellants.

E. E. HOGG, T. L. EDELEN for appellees.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

This common law action went to trial before a jury,
and upon the conclusion of the evidence for the appellant,
who was plaintiff below, the court directed a verdict for
the defendant, now appellee. Thereafter, on September
12th, a judgment was entered dismissing the petition, and
this appeal prosecuted. On September 16th the plaintiff
filed his motion and grounds for a new trial, which was
overruled on the same day.

The first question raised is that as the motion for a
new trial was not made or filed in time, this court will
not consider the correctness of the ruling of the trial
court in giving the peremptory instruction but will be
limited to the single inquiry whether the answer stated
facts sufficient to constitute grounds of defense. If this
position is well taken, the judgment must be affirmed, as
the answer did state grounds sufficient to support a de-
fense.

It has been frequently ruled by this court that a mo-
tion and grounds for a new trial are necessary to enable
the complaining party to bring before this court for re-
view the correctness of the ruling of the trial court in giv-
ing a peremptory instruction, and that the application for
a new trial must be made as provided in Section 342 of

the Civil Code, at the term in which the verdict or decision was rendered, and within three days after the decision or verdict was rendered, unless unavoidably prevented.

In Seiler v. Gilley Bros. & Co., 32 Ky. L. R., 1275, the jury, under direction of the court, returned a verdict in favor of appellees on June 10, 1907. On June 15th following appellant filed his grounds and moved the court for a new trial, which was overruled, and an appeal thereupon prayed, and we held that as the application for a new trial was not made within the time fixed by the code nothing could be considered upon the appeal except the pleadings and the judgment, and if the pleadings supported the judgment, it must be affirmed. We further said that the case was before us as though no evidence had been introduced on the trial below. To the same effect are: Beeler v. Sandidge, 20 Ky. L. R., 1581; Western Assurance Co. v. Rector, 85 Ky., 294; Imperial Fire Ins. Co. v. Kiernan, 83 Ky., 468; Ruhrwein v. Gebhart, 90 Ky., 147; Kistler v. Slaughter, 20 Ky. L. R., 1937; Com. v. Standard Oil Co., 129 Ky., 546.

It has also been ruled in several cases that the day on which the verdict or decision is rendered and the day on which the motion is made are both to be computed. For example, in Harlan v. Braxdale, 18 Ky. L. R., 171, the judgment was rendered on January 24th, and the motion and grounds for a new trial was filed on January 27th, and it was held to be too late to be available; or, in other words said that when the motion and grounds for a new trial is not filed within the time allowed by the code, the situation is the same as if no application for a new trial had been made. To the same effect are: Newport News, etc. Co. v. Thomas, 96 Ky., 613; Riley v. Grace, 17 Ky. L. R., 1007; Frazier v. Clark, 88 Ky., 260; Interstate Petroleum Co. v. Adams, 21 Ky. L. R., 767.

It appears that September 12th, the day on which the judgment herein was entered, fell on Thursday, and under the authority of the cases cited the application for a new trial should have been made not later than the following Saturday, September 14th. As a reason for not filing the motion on Saturday the 14th it is suggested by counsel in his brief that the court was not open on Saturday the 14th, and therefore the motion could not be filed on that day. If the court did not convene on the 14th, and if no court was held on that day, we would say that the motion and grounds for a new trial was filed in time, as Section

32 of the Civil Code contemplates that three days in which the court is in sesion shall be allowed, because the motion and grounds for a new trial must be filed in open court.  Therefore, if the court did not convene and there was no session of the court on the 14th, the motion and grounds for a new trial could not have been filed in court within the meaning of the code on that day, and as the 15th was Sunday, which is also to be excluded in computing the three days, the application made on Monday the 16th would have been in time; Boyle v. Stivers, 109 Ky., 253; Klein v. Meyers, 24 Ky. L. R., 183; McAllister v. Connecticut Mutual Life Ins. Co., 78 Ky., 531; Frazier v. Clark, 88 Ky., 260; Long v. Hughes, 1 Duv., 387.  The record, however, does not sustain counsel in the position that the court did not convene on Saturday the 14th.

Under the circumstances nothing remains for us to do except to affirm the judgment, and it is so ordered.