## Roberts Cotton Oil Company v. Dodds & Johnston.

(Decided March 23, 1915.)

Appeal from Fulton Circuit Court.

1.  New Trial—Proceedings to Procure New Trial.—Section 342 of the Civil Code of Practice, which requires a motion for a new trial to be made within three days after the verdict, is not only mandatory, but means three judicial days; and the day on which the verdict or decision is rendered, and the day on which the motion is made, are both included in the computation.
2.  New Trial.—A motion for a new trial must be made in court; a filing of the motion and grounds in the clerk's office, is insufficient.
3.  New Trial—Appeal and Error.—In the absence of a motion and grounds for a new trial, nothing is brought before the court for review on appeal, except the inquiry as to whether the petition states a cause of action, and whether there is any evidence presented by the bill of exceptions to sustain the judgment; every other error upon the trial is waived.
4.  Appeal and Error—Records.—The attaching of a certified copy of an order to the brief of counsel, does not make it a part of the record, and it will not be considered upon the appeal.

ROBBINS & ROBBINS, B. T. DAVIS and W. B. AMBERG for appellant.

W. J. WEBB for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE MILLER— Affirming.

The appellees, Dodds & Johnston, cultivate a cotton plantation of about 2,000 acres in Hickman county, Kentucky. The Roberts Cotton Oil Company operates a

cotton gin in that vicinity, and at other southern points.

Appellant contracted to gin appellees' cotton crop for the year 1912 at sixty cents per hundred pounds; but after it had ginned a large part of appellees' cotton, it declined to complete its contract.

Appellee thereupon had the remainder of their cotton, amounting to about 30,000 pounds, ginned by other persons at a price higher than the contract price with appellant; and, in April, 1913, they brought this action against the Roberts Cotton Oil Company to recover $1,348.81 damages for said breach of the contract.

A trial resulted in a verdict and judgment in favor of Dodds & Johnston for $1,081.59; and from that judgment the defendant, Roberts Cotton Oil Company, prosecutes this appeal.

For a reversal appellant insists that the verdict is excessive under the proof, and that the first instruction to the jury was erroneous.

Preliminary to a consideration of the appeal upon its merits, appellees insist that the motion for a new trial was not made within three days after the verdict was rendered, as is required by Section 342 of the Civil Code of Practice; and for that reason nothing but the pleadings, the verdict, and the judgment can be considered upon the appeal. The judgment was rendered on September 19th, 1913, and the record shows the motion for a new trial was made on the 23rd day of September, 1913.

It is well settled that the code requirement that the motion for a new trial shall be made within three days after the verdict is not only mandatory, but means three judicial days, and that the day on which the verdict or decision is rendered and the day on which the motion is made are both included in the computation. Long v. Hughes, 1 Duv., 387; White v. Crutcher, 1 Bush, 472; Humphrey v. Walton, 2 Bush, 580; Louisville Railway Co. v. Wellington, 137 Ky., 719.

In Harlan v. Braxdale, 18 Ky. L. R., 171, 35 S. W., 916, where the judgment was rendered on January 24th, a motion for a new trial made on January 27th was held to be too late. See also Newport News R. R. Co. v. Thomas, 96 Ky., 613.

Clearly, therefore, the motion made in the case at bar on September 23rd came too late, the judgment having been rendered on September 19th.

It is suggested, however, that the motion and grounds for a new trial in the case at bar were filed in the clerk's office on September 19th, the same day the verdict was returned and the judgment entered, and that it was, therefore, filed within time.   The record may be so construed.

But the rule is firmly established that the motion for a new trial must be made in court; a filing of the motion and grounds in the clerk's office does not satisfy the requirement of the code.   Boyle v. Stivers, 109 Ky., 253; Klein v. Meyers, 24 Ky. L. R., 183, 68 S. W., 144.

Appellant would avoid the effect of this rule, however, by attaching to their brief a certified copy of an order of the circuit court, which recites that the motion and reasons for a new trial herein were filed on September 19th, 1913, which would bring the motion within the three days rule.   This copy of the order is also accompanied by a certificate of the clerk to the effect that said order filing the motion for a new trial was "made on the 19th day of September, 1913."   No attempt has been made to correct the record; and the attaching of the certified copy of the order and the certificate of the clerk to the brief of counsel does not make them a part of the record.   They cannot be considered upon the appeal.

We, therefore, have no motion and grounds for a new trial; and, in the absence of a motion and grounds for a new trial, nothing is brought to this court for review on appeal, except the inquiry as to whether the petition states a cause of action, and whether the evidence presented by the bill of exceptions authorized the judgment. Every other error upon the trial is waived by the failure to call the attention of the trial court to it, by motion and specific grounds assigned.   Helm v. Coffee, 80 Ky., 176.   If there is any evidence to support the verdict and judgment they will not be disturbed.   Henderson v. Dupree, 82 Ky., 681.   See also Western Assurance Co. v. Rector, 85 Ky., 294; Beeler v. Sandidge, 20 Ky. L. R., 1581, 49 S. W., 533; Ruhrwein v. Gebhart, 90 Ky., 147; Seiler v. Gilley Bros. & Co., 32 Ky. L. R., 1275, 108 S. W., 284.

Since the petition states a cause of action and there is ample evidence to sustain the verdict, the judgment of the circuit court is affirmed.