## Pleasure Ridge Park Distillery v. Commonwealth.

(Decided January 20, 1922.)

### Appeal from Franklin Circuit Court.

1. Criminal Law—Immunity.—The immunities granted a defendant in penal actions are limitations on section 11 of the Criminal Code, but, except as so limited, that provision is mandatory and proceedings in penal actions are regulated by the Code of Practice in civil actions.

2. Criminal Law—New Trial.—Where the defendant in a penal action fails to file a motion for a new trial within the time prescribed by section 342 of the Civil Code, on appeal to this court the only question that can be considered is that of whether the pleadings authorize the judgment.

ELI H. BROWN, JR., for appellant.

V. A. BRADLEY, PAUL C. GAINES, CHAS. I. DAWSON, Attorney General, and THOS, B. McGREGOR, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE MOORMAN—Affirming.

Appellant, Pleasure Ridge Park Distillery Company, complains on this appeal of a judgment for $1,500.00 assessed against it in the Franklin circuit court for violation of section 4111 of the Kentucky Statutes. The judgment was rendered in a penal action, on behalf of the Commonwealth, in which the appellant was charged in the petition with three separate offenses, that of unlawfully and wilfully failing to file with the Auditor of Public Accounts written reports on January 1, May 1, and September 1, 1918, showing in proof gallons the quantity of distilled spirits in its warehouse, on which the govern-

ment tax had been paid or had become due, and what spirits had been transferred under bond or removed from the warehouse, during the preceding four months as required by the statute referred to.

Appellant filed answer, putting in issue the averments of the petition, and thereafter the law and facts were submitted to the trial court which rendered judgment for the amount stated.

It is contended on this appeal that the statute is not applicable to appellant under the agreed state of facts on which the case was tried. But a consideration of that question depends on the determination of one of practice, which is presented in the record.

The judgment was rendered on September 11, 1919, and on September 24, 1919, thirteen days thereafter, appellant tendered and moved the court to file a motion and grounds for a new trial, to have the same effect as if filed within three days after the judgment was rendered. This motion was overruled and there is accordingly presented the question of whether there is anything to be considered on this appeal except the pleadings and the judgment.

Section 342 of the Civil Code requires that an application for a new trial shall be filed within three days after the verdict or decision is rendered, and this court in a long line of decisions has held that this section of the Code is mandatory, and that when the motion is not made within that time nothing will be considered on appeal except the pleadings, findings and judgment. (Western Assurance Co. v. Rector, 85 Ky. 294; Ruhrwein v. Gebhart, 90 Ky. 147; Witt v. L. & E. Ry. Co., 158 Ky. 401; Roberts Cotton Oil Co. v. Dodds & Johnson, 163 Ky. 695.)

It is also well settled that, where the law and facts are submitted to the court and a judgment rendered thereon, a motion and grounds for a new trial are necessary in order to obtain a review of the evidence, and in their absence nothing is before this court on appeal except the question as to whether the pleadings state a cause of action and authorize the judgment. (Helm v. Coffey, 80 Ky. 176.)

It is suggested, however, that in as much as this is a penal action, section 342 of the Civil Code does not apply. This suggestion we do not consider sound. It is provided in section 11 of the Criminal Code, "that the proceedings in penal actions are regulated by the Code of Practice in

civil actions," and in section 355 of the Criminal Code, "that if the prosecution be by a penal action the appeal shall be similar in all respects to appeals in civil actions."

While these provisions have not been construed in a case presenting the precise question raised here, they have been construed in numerous other cases, where similar questions were raised, and it has been uniformly held in conformity with the plain language of section 11 of the Criminal Code that the proceedings in penal actions are regulated by the practice in civil actions.

In Hilton v. Commonwealth, 127 Ky. 486, after referring to section 355 of the Criminal Code, it was held that to obtain a cross appeal from the judgment of a circuit court in a penal action the appellee was required to conform with the provisions of section 755 of the Civil Code, relating to cross appeals in civil actions.

In International Harvester Company of America v. Com'th, 161 Ky. 49, it was held that under section 355 of the Criminal Code appeals in penal actions must be taken as appeals in civil actions, and that an appeal taken within two years, as provided by the Civil Code, was within due time and would not be dismissed.

In James, Auditor v. Helm, 129 Ky. 323, where the venue of a penal action was under consideration, the court held that the Civil Code of Practice was applicable, saying, "the Civil Code regulates proceedings in penal actions." This opinion contains an elaborate discussion of the subject, in which reference is made to certain privileges and immunities allowed the defendant in a penal action, which are allowable because of constitutional guaranties but which, it is said, in no wise militate against the nature of the action nor otherwise deprive section 11 of the Criminal Code of its force and meaning.

In Commonwealth v. Standard Oil Company, 129 Ky. 546, it was again held that, under section 11 of the Criminal Code, proceedings in penal actions are regulated by the Code of Practice in civil actions, and in the absence of a motion and grounds for a new trial in a penal action as well as in a civil this court could only determine whether the pleadings were sufficient to support the judgment. In discussing the subject it was said:

"Under section 11 of the Criminal Code of Practice proceedings in penal actions are regulated by the Code

of Practice in civil actions; so that the question must be adjudged as if this were a purely civil action.''

Other authorities might be cited, but the language of section 11 of the Criminal Code is too clear to admit of contradictory opinions as to its meaning. That there are certain required variations from the civil practice in penal actions does not militate against the force of the Code provision, for they are immunities to which the defendant is entitled under the Constitution, such as that of not being required to give evidence against himself, and being entitled to a unanimous verdict of the jury, and of having his guilt established beyond a reasonable doubt. These immunities are mere limitations but except as so limited the provision is mandatory and must be applied to questions of practice in penal actions.

It follows that, having failed to file its motion and grounds for a new trial within the time allowed by section 342 of the Civil Code, there cannot be considered on this appeal any question save that of whether the pleadings support the judgment. On that question there is no doubt, as the petition stated in each of its three paragraphs a maintainable cause of action, on the three of which the judgment appealed from could be properly rendered.

The judgment is, therefore, affirmed.