## Whitmer v. Cardwell.

### (Decided March 24, 1922.)

### Appeal from McLean Circuit Court.

1. New Trial—Proceedings to Procure New Trial.—A motion for a new trial must be made within three days after the rendition of the verdict and judgment and where that was done on Wednesday, March 17, 1920, a motion made on Saturday, the 20th, is too late, and this is true where the verdict was returned pursuant to a peremptory instruction, since a motion for a new trial is required in such case in order to authorize this court on appeal to review the testimony and other errors complained of.

2. Appeal and Error—Pleadings.—In the absence of a motion for a new trial the only question on this appeal is whether the pleadings sustain the judgment, which in this case is found to be true.

JOE H. MILLER and G. H. CARY for appellant.

LAFFOON & WADDILL and RICHARD ALEXANDER for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

By this common law action, filed by appellant and plaintiff below, J. T. Whitmer, against appellee and defendant below, Robert Cardwell, in the McLean circuit court, the recovery of a judgment for $7,850.00 against defendant was sought as compensation for injuries inflicted on plaintiff through the alleged negligent operation by defendant of an automobile in the streets of Sacramento, Kentucky, whereby plaintiff's leg was broken and he sustained other injuries. The answer denied the negligence and in a separate paragraph relied on contributory negligence of plaintiff, which was denied by a reply, and upon trial the court at the conclusion of plaintiff's testimony sustained defendant's motion for a peremptory instruction and the jury returned a verdict in his favor, followed by a judgment dismissing the petition which the

court declined to set aside on plaintiff's motion for a new trial, and he appeals.

It is earnestly urged by counsel for plaintiff that the court erred in directing the verdict, since the evidence as claimed was sufficient, not only to authorize a submission of the issues to the jury, but sufficient to sustain a verdict in favor of plaintiff, and many cases from this court stating the governing rule of practice relating to such motions are cited and relied on. But the condition of the record renders it unnecessary for us to refer to or discuss them or to detemine the point raised. The verdict was returned and the judgment was rendered on March 17, 1920, and we judicially know it was on Wednesday. The motion for a new trial was not filed until the following Saturday, March 20th, and no reason of any character appears why it was not filed sooner. Section 342 of the Civil Code of Practice requires that the motion shall be filed "within three days after the verdict or decision is rendered," except when newly discovered evidence is the ground therefor, in which case it may be filed after that time. We have consistently held in a long line of cases that the time limit, in the section of the Code referred to, was mandatory, but also held that the section meant three juridical days and that a non-juridical day intervening between the date of the judgment and the motion must be excluded. Some of the later cases so holding are: Commonwealth v. Standard Oil Co., 129 Ky. 546; Witt v. L. & E. Ry. Co., 158 Ky. 401, and Roberts Cotton Oil Co. v. Dodds, etc., 163 Ky. 695. Many other cases are cited in those opinions. Those cases further hold that when the motion comes too late it will be given no effect and leaves the situation as if none had been filed, in which case the only matter for determination on appeal is whether the pleadings support the verdict and judgment.

In Harlan v. Barxdale, 18 Ky. L. R. 171, there were the same number of days intervening between the rendering of the judgment and the motion for a new trial as we find in this record. The judgment in that case was rendered on January 24 and the motion was not made till the third day thereafter, January 27, and it was held to be too late. The same facts appeared in the case of Newport News, etc., Co. v. Thomas, 96 Ky. 613, where the judgment was rendered on Wednesday and the motion was not made until the following Saturday, which is the exact situation presented by the instant record, and it was held

that the motion was not in time. In the Witt case, *supra,* and also in the case of Kistler v. Slaughter, 20 Ky. L. R. 1937, it was held that it was necessary to file a motion for a new trial in order to authorize this court to review the evidence where the judgment was rendered upon a directed verdict, there being no difference in the practice in this respect between such case and where there was a sub mission of the issues to the jury for its determination.

The question, then, is whether in the absence of a motion for a new trial we are authorized to review the ruling of the court in granting a peremptory instruction when the testimony heard was made a part of the record by a bill of exceptions. The office of a motion for a new trial is to call the attention of the trial court to the errors relied on as occurring during the progress of the trial and which do not appear on the record, so as to enable the court to correct the errors without the necessity of an appeal. There is involved in such reason, not only the principle of fairness to the trial court, but the motion might save the expense of an appeal and to some extent relieve the work of the appellate court. Hence, it is universally held that in the absence of a motion for a new trial the only question that may be considered on appeal is whether the pleadings sustain the judgment, and this court has held that the motion was necessary, not only when the judgment is based upon a directed verdict, but it is likewise necessary in common law actions where the jury was waived and the law and facts were submitted to the court. Helm v. Coffey, 80 Ky. 176; Henderson v. Dupree, 82 Ky. 678; Imperial Fire Insurance Co. v. Kiernan, 83 Ky. 468; Sovereign Camp Woodmen of the World v. Hornung, 190 Ky. 381. In the cases of C., N. O. & T. P. Ry. Co. v. Hansford, 125 Ky. 37, and Broadway and Newport Bridge Co. v. Commonwealth, 173 Ky. 165, it was held that the motion was necessary when the case was tried by the court upon an agreed stipulation of facts, but in the Helm, Henderson, Hansford and the Bridge Company cases, each of which was tried by the court without the intervention of a jury, it was stated in the opinions that this court could look to the evidence contained in the record to see whether there was *any* testimony to support the judgment, notwithstanding there was no motion for a new trial; and the rule embodied in that statement was inadvertently referred to, as though it applied to trials by jury as well as by the court, in the case of Roberts Cotton Oil Co. v. Dodds & Johnson, 163

Ky. 695. But, an examination of the cases, both before and since the decision of that case, will show the rule to be that in the absence of a motion for a new trial in a case determined by a jury under instructions from the court nothing is presented on appeal but the sufficiency of the pleadings to support the judgment. It was so held in the Kistler and Witt cases, *supra,* and in Puckett v. Morris, 181 Ky. 374, and Johnson v. Bogess, 179 Ky. 649. Moreover, since the rendition of the Helm and Henderson cases, and before the opinion in the Dodds & Johnston case, this court held in the cases of Jenne v. Matlack, 19 Ky. L. R. 503; Sims v. Lanehart, idem 1439; Beeler v. Sandidge, 20 Ky. L. R. 1581, and Day v. Adams, idem 1827, in each of which a jury was waived and the case tried by the court, that in the absence of a motion for a new trial nothing was presented on appeal but the sufficiency of the pleading to sustain the judgment. And the same rule was applied under the same condition of the record in the Hornung case, *supra,* and the still later one of Pleasure Ridge Park Distillery v. Commonwealth, 193 Ky. 430. Furthermore, the rule of practice is universal that no error in giving or refusing instructions or in the admission or rejection of testimony, or any other error not appearing of record will be considered by this court on appeal unless it was relied on in the motion for a new trial; so that, if there was no motion for a new trial no such errors could be relied on, notwithstanding there was a bill of exceptions filed.

Whatever, therefore, may be the existing rule of appellate practice in such cases where a jury is waived and the case submitted to the court we are confident that where there has been a jury trial no complaint of the giving of a peremptory instruction can be considered on appeal, in the absence of a motion for a new trial, notwithstanding the testimony is made a part of the record by a bill of exceptions, unless perhaps it should appear that there was absolutely no evidence to support the judgment; nor can we perceive any satisfactory reason growing out of the object and purposes of a motion for a new trial why the same rule of practice should not prevail in the one case as in the other.

However, since the instant case was tried before a jury, the only question to be determined on this appeal is whether the pleadings sustain the verdict, and there being no contention to the contrary or any grounds therefor, the judgment must be and it is affirmed.