### Porterfield v. O'Leary.

(Decided Oct. 21, 1932.)

■■■■■■

J. J. McBRAYER for appellant.

W. A. MINIHAN for appellee.

OPINION OF THE COURT BY JUDGE PERRY—Affirming.

The appellee, Nellie O'Leary, brought this suit in the Fayette circuit court against the Prudential Insurance Company of America, seeking recovery upon two industrial insurance policies alleged assigned her as beneficiary by the insured decedent, Mabel Walton.

The defendant insurance company, by its answer and petition, admitted that it issued the policies sued on to the decedent, Mabel Walton, and that the latter did, by two writings known as "beneficiary forms," direct defendant company to pay the amounts called for by the policies to the plaintiff, Nellie O'Leary, but denied that it accepted said writings so nominating the plaintiff as beneficiary.

It further alleged that upon the death of the insured, the appellant, Iva Porterfield, qualified as her administratrix and demanded payment of the defendant company of these said policies sued on by plaintiff, and that a controversy had arisen between the plaintiff and the said administratrix as to who was entitled to the insurance money covered by the policies sued on.

It prayed that it be permitted to tender the money into the court, and that Iva Porterfield be made a party to the suit and required to set up her claim, and that it be dismissed with its costs.

The appellant, Iva Porterfield, as administratrix of the insured decedent, filed her answer, counterclaim, and cross-petition, whereby she denied that the decedent, Mabel Walton, signed and delivered said beneficiary forms to the plaintiff, nominating her as the beneficiary of the policies, of her own free will, and further denied that the decedent was at the time of her death indebted to plaintiff in the sum of $1,500 for board and lodging furnished her, as alleged in the petition. Further, she averred that if said decedent, Mabel Wal-

ton, did sign the two beneficiary forms mentioned, her signature thereto was obtained by fraud and coercion, and that she was not at such time mentally capable of knowing the nature of her act, and further, that plaintiff was not related to the insured, nor had any insurable interest in her life.

Reply thereto was filed by plaintiff, denying the allegations of the pleading.

Upon trial before a jury, a verdict was recovered by plaintiff for the insurance contracted for by the two policies in the sum of $975, upon which judgment was duly entered.

Complaining of errors alleged committed upon the trial, appellant Iva Porterfield, on Friday, May 29, next following the rendition of the judgment on Tuesday, May 26, filed her motion and grounds for a new trial, which being overruled, she prosecutes this appeal, seeking the reversal of the judgment.

Preliminary to a consideration of the appeal upon its merits, we are met at the very threshold of our review of the grounds of error complained of by appellant by the appellee's insistence that the motion for a new trial was not made within three days after the verdict was rendered, as is required by section 342 of the Civil Code of Practice, and that, because of her failure to file her motion and grounds within the time allowed by the Code, appellant's bill of exceptions should be stricken from the record, with the result that nothing but the pleadings, the verdict, and the judgment can be now considered upon her appeal.

The judgment herein, as stated, was rendered on Tuesday, May 26, 1931, and the record shows the motion for a new trial was made on Friday, May 29, 1931. Manifestly this was too late, unless appellant was unavoidably prevented from filing the motion and grounds before Friday, the 29th. As was said in Roberts' Cotton Oil Co. v. Dodds & Johnston, 163 Ky. 695, 174 S. W. 485, 486:

"It is well settled that the Code requirement that the motion for a new trial shall be made within three days after the verdict is not only mandatory, but means three judicial days, and that the day on which the verdict or decision is ren-

dered, and the day on which the motion is made, are both included in the computation. Long v. Hughes, 1 Duv. 387; White v. Crutcher, 1 Bush, 472; Humphreys v. Walton, 2 Bush, 580; Louisville Railway Co. v. Wellington, 137 Ky. 719, 126 S. W. 370, 128 S. W. 1077.

"In Harlan v. Braxdale, 18 Ky. Law Rep. 171, 35 S. W. 916, where the judgment was rendered on January 24th, a motion for a new trial made on January 27th was held to be too late. See, also, Newport News R. R. Co. v. Thomas, 96 Ky. 613, 29 S. W. 437, 16 Ky. Law Rep. 706.

"Clearly, therefore, the motion made in the case at bar on September 23d came too late; the judgment having been rendered on September 19th."

To like effect was the motion for a new trial made on October 13, following the rendition of judgment on October 10, held made too late, unless appellant was unavoidably prevented from filing a motion and grounds before the 13th. Traut v. Kirkpatrick et al., 231 Ky. 99, 21 S. W. (2d) 124; Witt v. L. & E. R. Co., 158 Ky. 401, 165 S. W. 399; Whitmer v. Cardwell, 194 Ky. 351, 238 S. W. 1048, 1049; Commonwealth v. Standard Oil Co., 129 Ky. 546, 112 S. W. 632, 33 Ky. Law Rep. 1074.

Section 342 of the Civil Code of Practice requires that a motion for a new trial must be made at the term in which the verdict or decision is rendered, and, except when newly discovered evidence is the ground therefor, shall be filed within three days after the decision or verdict is rendered unless unavoidably prevented. No cause or reason of any character whatsoever is shown in the instant case as to why the application for a new trial was not made sooner.

Further, in the consideration of Whitmer v. Cardwell, supra, the court, in considering the result produced through the failure of appellant to file motion and grounds within three days as required by the Code, said: "An examination of the cases, both before and since the decision of that case (Roberts Cotton Oil Co. v. Dodds & Johnston, 163 Ky. 695, 174 S. W. 485, parenthesis ours), will show the rule to be that, in the absence of a motion for a new trial in a case determined

by a jury under instructions from the court, nothing is presented on appeal but the sufficiency of the pleadings to support the judgment. * * * Furthermore, the rule of practice is universal that no error in giving or refusing instructions or in the admission or rejection of testimony, or any other error not appearing of record, will be considered by this court on appeal, unless it was relied on in the motion for a new trial; so that, if there was no motion for a new trial, no such errors could be relied on, notwithstanding there was a bill of exceptions filed."

See, also, Witt v. L. & E. R. Co., supra, and Traut v. Kirkpatrick et al., supra.

By these cases the rule is clearly announced that when the motion and grounds for a new trial has not been filed within the time as required and announced in section 342 of the Civil Code, the judgment will be affirmed on appeal, if the pleadings support the judgment.

We are of the opinion that the pleadings in this case clearly support the judgment, and, there being no contention to the contrary, the judgment is affirmed.