# Davis v. Louisville & N. R. Co.

(Decided Oct. 22, 1935.)

S. F. BOWMAN, J. J. FELTON and H. J. McCLURE for appellant.

H. T. LIVELY, C. S. LANDRUM, WILLIAMS & DENNEY, J. MILLER WHITE and ASHBY M. WARREN for appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming.

L. H. Davis brought this action against the Louisville & Nashville Railroad Company to recover damages in the sum of $500. He alleged in his petition that the agents, servants, and employees of the defendant, in charge of one of its trains, operated the train in such a careless and negligent manner as to cause sparks and cinders to be emitted from the locomotive which set fire to the lands of Charles Mullins, and that the fire spread to plaintiff's land and burned valuable timber, shrubs, and vegetation. The answer was a traverse. At the conclusion of the plaintiff's evidence, the court peremptorily instructed the jury to return a verdict for the defendant, and from the judgment dismissing his petition, the plaintiff appeals.

We are met at the threshold of the case by a question of practice. The verdict was returned Wednesday, September 19, 1934, and the plaintiff filed his motion for a new trial on Saturday, September 22, 1934. Section 342 of the Civil Code of Practice reads:

"The application for a new trial must be made at the term in which the verdict or decision is rendered; and, except for the cause mentioned in section 340, subsection 7, shall be within three days after the verdict or decision is rendered, unless unavoidably prevented."

We have consistently held that the Code provision

as to the time in which a motion for a new trial must be filed is mandatory, and that, in computing time, the day on which the verdict is returned and the day on which the motion for a new trial is filed must both be counted. Witt v. L. & E. Railway Co., 158 Ky. 401, 165 S. W. 399; Roberts Cotton Oil Co. v. Dodds & Johnston, 163 Ky. 695, 174 S. W. 485; Louisville Railway Co. v. Wellington, 137 Ky. 719, 126 S. W. 370, 128 S. W. 1077. In Porterfield v. O'Leary, 245 Ky. 410, 53 S. W. (2d) 730, the verdict was returned Tuesday, May 26, 1931, and the motion for a new trial was made Friday, May 29, 1931. It was held that the motion was not filed within three days as required by the Code. In Whitmer v. Cardwell, 194 Ky. 351, 238 S. W. 1048; Harlan v. Braxdale's Adm'r, 35 S. W. 916, 18 Ky. Law Rep. 171, and Newport News & M. V. Railroad Co. v. Thomas, 96 Ky. 613, 29 S. W. 437, 16 Ky. Law Rep. 706, there were the same number of days intervening between the rendition of the judgment and the motion for a new trial as we find in this record, and in each case the motion was held to be too late.

In the absence of a motion for a new trial, the only question that may be considered on appeal is whether the pleadings sustain the judgment. Porterfield v. O'Leary, supra; Whitmer v. Cardwell, supra; Seiler v. Gilley Bros. & Co., 108 S. W. 284, 32 Ky. Law Rep. 1275. In the instant case, the answer traversed every material allegation of the petition, and these were the only pleadings. There is no contention that the pleadings do not sustain the judgment, and it follows that it must be affirmed.

Judgment affirmed.