## WILSON v. COMMONWEALTH.

Court of Appeals of Kentucky.
June 12, 1951.

Robert R. Boone, Pineville, for appellant.

A. E. Funk, Atty. Gen., R. L. Vincent, Commonwealth's Atty., Lee Lanter, County Atty., Williamstown, Walter C. Herdman, Asst. Atty. Gen., for appellee.

588

CLAY, Commissioner.

This is a habeas corpus proceeding. Petitioner was found guilty of a statutory misdemeanor under KRS 189.222 and 189.-990; was fined $500; and upon failure to pay it was placed in jail. Subsequently he petitioned the Grant County Court to be discharged upon his offer to surrender all of his property, not exempt from execution, to the Commonwealth of Kentucky under the insolvent debtor's statute, KRS 426.400. A general demurrer to this petition was sustained. Thereupon petitioner brought this action.

Petitioner contends that under Section 18 of the Kentucky Constitution, if a debtor surrenders his estate for the benefit of his creditors, he may not be continued in prison. His argument is that where the only punishment provided for a misdemeanor is the imposition of a fine, as was the case here, the proceeding by the Commonwealth is a civil action for a debt; and when he offered to surrender his property for the benefit of his creditor (the Commonwealth), he could not be legally held in prison.

Section 11 of the Criminal Code of Practice provides: "A public offense, of which the only punishment is a fine, may be prosecuted by a penal action in the name of the Commonwealth of Kentucky, or in the name of an individual or corporation, if the whole fine be given to such individual or corporation. The proceedings in penal actions are regulated by the Code of Practice in civil actions." (Our italics.)

This Court has held that under this Section a penal action may be classified as a civil action for debt. James v. Helm, 129 Ky. 323, 111 S.W. 335; and Pleasure Ridge Park Distillery v. Commonwealth, 193 Ky. 430, 236 S.W. 947. The point petitioner overlooks is that Section 11 is permissive and provides an alternate method of proceeding against a person for the collection of a fine, forfeiture, or penalty. In the cases cited by him, the Commonwealth, or the person entitled to share in the fine, brought a civil action for the recovery of a money judgment.

The petition in this habeas corpus proceeding shows that petitioner was brought before the Grant County Court on a criminal charge; that he pleaded guilty; and that he was fined $500 and costs. This was a criminal proceeding, prosecuted as such, and the fine was imposed as punishment. It seems clear that the County Court would not have had jurisdiction had this been a penal action in the nature of a civil suit for the recovery of $500. See Daniels v. Commonwealth, 300 Ky. 541, 189 S.W.2d 849. We conclude that petitioner is not a "debtor" to the Commonwealth within the meaning of Section 18 of the Constitution, and therefore he would not be entitled to release from prison upon offering to surrender his property.

We do not consider it necessary to pass upon the question raised by the Commonwealth as to whether or not this habeas corpus proceeding may be brought where the petitioner does not attack the convicting judgment as void.

The lower Court properly sustained a demurrer to the petition.

The judgment is affirmed.