Case 31.—PROCEEDINGS BY DAVID GARRETT TO OBTAIN RELIEF FROM AN ASSESSMENT. THE COUNTY COURT EXONERATED GARRETT AND ORDERED THE TAX CHARGED TO A. W. CREEKMORE AND SUBSEQUENTLY SET ASIDE THE LAST ORDER, AND GARRETT AP-PEALED TO THE CIRCUIT COURT, WHICH DISMISSED HIS APPEAL FOR WANT OF JURISDICTION, AND HE AGAIN APPEALS.—October 18.

## Garrett v. Creekmore.

Appeal from Madison Circuit Court.

J. M. BENTON, Circuit Judge.

From the judgment plaintiff appeals. Affirmed.

1. Courts—Court of Appeals—Jurisdiction—Amount of Contro-versy—Under Ky. Stats. 1903, sec. 950, providing that no ap-peal shall be taken to the Court of Appeals from a judgment for the recovery of money or property, if the value in contro-versy is less than $200, and further providing that, subject to certain other exceptions, such court shall have appellate jurisdiction "in all other civil cases," an appeal lies to the Court of Appeals from a judgment of the circuit court dis-missing an appeal from an order of the county court, entered under Ky. Stats. 1903, sec. 4250, setting aside an order exonerating appellant from the payment of a tax assessed against him, although the amount of the tax is less than $200.

2. Same—Jurisdiction of Circuit Court—Under Ky. Stats. 1903, sec. 4250, authorizing the county court to release a person from the payment of a tax erroneously assessed against him upon property not owned by him, and providing that the right of appeal from a decision of the court shall apply to all final orders made thereunder, an appeal lies to the cir-cuit court from an order of the county court setting aside an order previously made exonerating appellant from the pay-ment of a tax assessed against him, regardless of the amount of the tax involved.

3. Taxation—Erroneous assessment—Assessment to True Owner—Necessity of Notice—Under Ky. Stats. 1903, sec. 4250, author-

Garrett v. Creekmore.

izing the county court to release a person from the pay-
ment of a tax erroneously assessed against him upon prop-
erty not owned by ∦him, and requiring the court to have,
the property listed as against the rightful owner, an order
exonerating one person from the payment of the tax, and
directing that it be charged to another person, was invalid
as to the latter, and properly set aside by the county court,
where it was made without notice to him.

4. Same—Harmless Error—Ky. Stats. 1903, secs. 4021, 4053, 4056,
declare taxes to be a lien on the property assessed therefor,
and provide that no error or informality in the name of the
owner or party assessed shall invalidate the assessment,
Sec. 4250 authorizes the county court to relieve a party from
a tax erroneously charged against him upon property not
owned by him. A purchaser of land agreed with his vendor
to pay the tax thereon for the current year. Held—That the
purchaser was not prejudiced by, having the property as-
sessed in his name, and, under Civ. Code Prac., sec. 756, pro-
hibiting the reversal of a judgment for error not prejudicial
to the substantial rights of appellant, a judgment of the
circuit court dismissing an appeal by the purchaser from an
order of the county court which in effect left the property as-
sessed in his name would be affirmed.

GRANT E. LILLY for appellant.

1. Under sec. 4250, Ky. Stats., the county court has jurisdic-
tion to hear complaints of erroneous assessments, no matter how
much is involved, and the right of appeal from its judgment to
the circuit court is secured by the same section, and the cir-
cuit court had no right to dismiss the appeal for the want of
jurisdiction.

2. But after exonerating the appellant from the assessment
the county court had no jurisdiction, more than a year later, to
set aside its first finding and list the property against appellant on
some supposed matter of contract between appellant and appel-
lee. The county court had no jurisdiction to hear any matter
pertaining to contract. The only thing it could hear was, "who
was the owner of the property?"

J. C. & D. M. CHENAULT for appellee.

1. It is contended by appellant that the county judge had no
right to hear proof in regard to any agreement between appellant
and appellee in regard to this list. Such a contention would
set aside every agreement made if it did not comply with the
letter of the law. The Commonwealth does not care who pays

the tax on the small farm, but we do think the Commonwealth would be in favor of making appellant stand to his agreement.

2. We fail to see from sec. 4250, Ky. Stats., that the appellant has a right of appeal from the decision of the county court, where the amount in controversy is less than $50.

3. in our view of the law this court has no jurisdiction over this controversy because the amount in controversy is less than $200.

OPINION BY CHIEF JUSTICE HOBSON—Affirming.

Sec. 4250, Ky. Stats. 1903, is as follows: "Any person or corporation claiming to be erroneously charged with any tax upon property not owned by them, may, at any time not later than the next regular county court after they have received notice of the same, by demand made upon them to pay the tax, or for evidence in support of said complaint to the county court of the county in which the assessment was made; and if said court, after due consideration of the evidence, finds that they were not the owners of the property assessed, it may correct the same by releasing them from the payment of the tax thereon; and it shall be the duty of the court to have the property immediately listed as against the rightful owner thereof. County courts shall have further authority, after giving notice to the sheriff and assessor, to correct any mere clerical errors in the assessment, and any correction made without such notice shall be void. The right of appeal from the decision of the court as herein provided shall apply to all final orders of court made under this section; and it shall be the duty of said court to certify its action to the Auditor of Public Accounts and sheriff as provided in said preceding section."

On October 6, 1902, the Madison County Court entered an order exonerating David Garrett from the payment of taxes on $2,000, the value of a tract of

land assessed to him, and at the same time ordered it charged to A. W. Creekmore. This order was based upon the ground that Creekmore was the owner of the property on September 15th, and that thereafter he had sold it to Garrett. Afterwards, on November 30, 1903, the county court made an order setting aside the order exonerating Garrett and listing the property to Creekmore, on the ground that the former order was entered without notice to Creekmore and that Garrett was in fact properly chargeable with the tax; it appearing that in the sale of the land from Creekmore to him it was agreed between them that Garrett should pay the taxes for that year. Garrett appealed from this order to the Madison Circuit Court, and in that court the appeal was dismissed for want of jurisdiction, and Garrett has prosecuted an appeal to this court.

A motion has been made in this court to dismiss the appeal for want of jurisdiction, and this is the first question to be determined. By sec. 950, Ky. Stats. 1903, no appeal shall be taken to the Court of Appeals from a judgment for the recovery of money or property, if the value in controversy is less than $200, exclusive of interest and costs; and, subject to certain other exceptions not here material, it is provided that the court shall have appellate jurisdiction "in all other civil cases" over the final orders and judgments of the courts. The judgment in controversy is not for the recovery of money or personal property. It is a judgment determining whether a certain piece of land should be assessed to Garrett or Creekmore, and does not fall within any of the exceptions named in sec. 950. The motion to dismiss the appeal is therefore overruled.

It will be observed that sec. 4250 above quoted expressly provides that the right of appeal from the

decision of the court as therein provided shall apply
to all final orders made under the section. The pur-
pose of the Legislature in so providing is to allow
appeals to the circuit court in this class of cases
without regard to the amount of the tax involved.
The language of the statute is not capable of any
other construction, for in express words it is pro-
vided that the right of appeal shall apply to all final
orders of court made thereunder. We conclude that
the circuit court erred in dismissing the appeal.
We therefore proceed to consider the main question,
and that is whether the county court properly set
aside its first order. That order, having been made
without notice to Creekmore, was invalid as to him,
and the county court did right in giving him a hear-
ing. To hold otherwise would be to deprive him of
his property without due process of law.

It is insisted for appellant that, although Garrett
agreed with Creekmore to pay the taxes, the prop-
erty should have been assessed to Creekmore on
the ground that taxes must be levied by law, and
may not be levied by agreement of parties. The
general principle is admitted. The tax was levied
by the general law, and was a lien upon the property,
whether the assessment was made to Creekmore or
to Garrett. (Ky. Stats. 1903, secs. 4056, 4021, 4053.)
If Garrett had paid the taxes to prevent the land
from being sold when it was assessed in the name
of Creekmore, he could not have recovered the amount
so paid from Creekmore, as in the trade for the
land he had assumed the payment of the taxes. If
the land had been assessed to Creekmore, and
Creekmore had paid it, he might have recovered the
amount so paid from Garrett. As the county court
properly set aside its original order, and as Gar-
rett was primarily liable for the tax, he was not

Garrett v. Creekmore.

prejudiced by having the property assessed in his name, and the judgment of the circuit court, which left the order of the county court in force, prejudiced none of his substantial rights. By sec. 756 of the Civil Code of Practice, no judgment may be reversed for an error not prejudicial to the substantial rights of the appellant.

Judgment affirmed.

Petition for rehearing by appellant overruled.