## Greer v. Farrar.

(Decided March 13, 1928.)

### Appeal from McCracken Circuit Court.

1. Appeal and Error.—Where motion and grounds for new trial did not contain any complaint as to the instructions, the Court of Appeals is not authorized to deal with question of alleged error therein.

2. Appeal and Error.—In action for property damage in collision between two automobiles at street intersection, error, if any, in sustaining objection to question to defendant as to whether collision could have been avoided if plaintiff had kept to the right side of the street on which he was driving, was not prejudicial to defendant, where court permitted facts to be proved in detail and it was apparent to jury what would have resulted in situation supposed.

3. Appeal and Error.—Under Civil Code of Practice, secs. 134, 756, the Court of Appeals is not justified in reversing the judgment except for error to the prejudice of the substantial rights of the party complaining.

WHEELER & HUGHES for appellant.

C. C. GRASSHAM for appellee.

OPINION OF THE COURT BY JUDGE WILLIS—Affirming.

Two automobiles were in collision at a street intersection in the city of Paducah. The owners of the cars are involved in this litigation to determine the legal responsibility for the resulting damages.

Walter Farrar instituted the action against Julian Greer to recover $1,000 damages sustained by his car in the collision. Greer denied that he was to blame for the accident, and by counterclaim sought to recover from Farrar $1,500 damages inflicted upon his own car. He also relied upon a plea of contributory negligence to defeat the action by plaintiff. The affirmative defenses were denied by a reply.

The case was tried by a jury, and resulted in a verdict and judgment of $500 for plaintiff and dismissal of the counterclaim. A motion for a new trial was overruled and defendant has prosecuted this appeal.

It is insisted for appellant that the court below committed error to his prejudice in the instructions to the jury and in the exclusion of evidence.

The argument against the instructions is not available here. The motion and grounds for new trial did not contain any complaint on that score, and in such a situation we are not authorized to deal with the question and need not dwell upon it. Helm v. Coffey, 80 Ky. 176; Broadway, etc., Bridge Co. v. Commonwealth, 173 Ky. 165, 190 S. W. 715; Roberts Cotton Oil Co. v. Dodds et al., 163 Ky. 695, 174 S. W. 485; Prudential Ins Co. v. Orr, 174 Ky. 834, 192 S. W. 825; Whitmer v. Cardwell, 194 Ky. 353, 238 S. W. 1048.

The complaint, however, as to the ruling of the trial court on the evidence offered, is properly presented, and its consideration requires a brief statement of the facts:

The accident occurred at the intersection of Third and Tennessee streets in the city of Paducah. Each automobile was driven by its owner. Third street is a boulevard, and approaching cars are required to stop immediately before entering it. Farrar was on the boul-

evard moving rapidly, and Greer came into it from Tennessee street. The evidence was conflicting on the question of negligence, and was admittedly adequate to justify submission to the jury of the respective contentions of the parties. Appellant was asked to state whether the collision could have been avoided if the appellee had kept to the right side of the street on which he was driving, and also was asked the same question in somewhat different form. The court sustained an objection thereto. It is urged that the question called for a relevant fact and not the mere opinion of the witness upon a hypothetical assumption.

If the argument should be conceded, the fact remains that the ruling was not prejudicial to appellant. The court permitted the facts to be proven in detail, and it was as apparent to the jury as it was to the appellant what would have resulted in the situation supposed. The facts as they appeared to the appellant were accurately and amply displayed, and we cannot conceive how the refusal to permit the question to be answered could have affected the result.

We are not justified in reversing a judgment except for an error to the prejudice of the substantial rights of the party complaining thereof. Civil Code, secs. 756 and 134; Williams v. Rodgers, 14 Bush, 776; Garrett v. Creekmore, 121 Ky. 250, 89 S. W. 166, 28 Ky. Law Rep. 211; Claypool v. Continental Casualty Co., 129 Ky. 682, 112 S. W. 835; C. & O. Ry. Co. v. Conley, 136 Ky. 601, 124 S. W. 861; I. C. Ry. Co. v. Mayes, 142 Ky. 382, 134 S. W. 436.

It is clear that no such situation is presented by this record.

The judgment is affirmed.