## Appalachian Stave Co. v. Liberman.

(Decided Jan. 28, 1938.)

FAULKNER & FAULKNER for appellant.

J. A. SMITH for appellee.

OPINION OF THE COURT BY MORRIS, COMMISSIONER—Affirming.

Appellee sued appellant in the quarterly court of Perry county obtaining a default judgment for $200,

later set aside due to a defect in service of process. Thereafter, appellant answered setting up counterclaim, but failed to appear at the trial. The cause was submitted to a jury, which returned a verdict for appellee in a like sum, and from that judgment appeal was prosecuted to the circuit court.

In the latter court there were additional pleadings, increasing appellant's counterclaim to more than $400, and later an issue was reached. The case was submitted to a jury which returned a verdict in favor of appellee for $240.32. From this judgment which did not allow any part of appellant's counterclaim, appeal is prosecuted.

The controversy related to a contract between the parties. Appellee claimed that in the spring of 1934 he was employed by appellant to purchase staves and heads, to be shipped to cooperage companies upon order of appellant. For his services he was to receive one-half the gross profits. Appellant admits the contract, but says that under it appellee was to receive for his services one-half of the net profits after sale was finally consummated. By pleadings appellee claimed the gross profit was such that in the settlement between the parties he was entitled to something over $250. On the other hand, appellant denied that it owed him any sum, and asserted that by reason of certain sums it had to pay, due to negligence of appellee in not following directed shipping orders, and other credits to which it claimed to be entitled under the contract, it was entitled to recover of appellee.

After hearing all the proof the court instructed the jury to find for appellee in the sum to which, under the proof, he had shown himself entitled, with the exception of one item proven as a counterclaim, but did not submit to the jury the appellant's contention as to other items set out in the counterclaim. The court's failure so to do is the sole complaint urged here as ground for reversal.

While it is stated in the bill of exceptions that the appellant objected and excepted to the instruction given, there is no order in the record showing such objection or exception. Be that as it may, the record fails to show that appellant tendered any instruction presenting

the issue raised by its pleading and proof proffered. It is not required that the court must give the entire law of the case. In civil cases the party complaining of the failure of the lower court to properly instruct the jury, in order to have this court consider such failure, must have tendered instructions presenting the issues raised by the pleadings and proof. Unless a party requests an instruction in writing on a particular issue, it is not error for the court to fail to instruct upon that issue. Branham's Adm'r v. Buckley, 158 Ky. 848, 166 S. W. 618, Ann. Cas. 1915D, 861; Wood v. Rigg, 152 Ky. 242, 153 S. W. 214.

Aside from what is said above, we are of the opinion that the court's instructions were correct. The issue of fact finally narrowed down to whether or not the letters introduced had reference to the proposed Asher contract, or to the previous shipments made under the original contract, over which the controversy arose. The letters fully bear out appellee's contention.

Judgment affirmed.