## Gibson v. Letcher County.

Jan. 30, 1945.

French Hawk for appellant.

J. L. Hays for appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming.

In 1941 Letcher County constructed a road along Trace Fork of Rockhouse Creek. On July 28, 1942, Willard Gibson brought an action against the County to recover damages alleged to have resulted from the negligent construction of the road and from the taking of a portion of his land. The jury returned a verdict for the defendant, and, from the judgment entered thereon, the plaintiff has appealed.

The road was constructed, for the most part, on the right of way of an old county road which, in places, was located in the bed of Trace Fork. In order to widen the road and to move it from the bed of the creek, additional rights of way were purchased from some of the abutting landowners, but no land was purchased from Gibson. At the point where it passed his land, the new road was located across the stream from his home and the roadway at that point was widened by cutting down a cliff. It was Gibson's theory that the County took part of his land, and, in addition, negligently cast rocks, logs and other debris into the stream in front of his home, causing the water to cut into the bank and to overflow his land. This was denied by the County, and evidence was introduced showing that the damages complained of by the plaintiff were caused by an unprecedented flood which occurred on July 8, 1942. The

plaintiff failed to show satisfactorily that he owned any land on that side of Trace Fork where the road was constructed. He introduced his deed which contains a description of his land. The final calls in the deed read: "* * * thence with the same to a sycamore tree on the South side of Saludy branch thence down said branch to Trace Fork thence to the beginning." The deed describes the beginning point as "a cucumber the corner between the parties of the first part herein, Nannie Hale and Ella Tigner." The evidence failed to establish the location of this point, and, consequently, to show that any of appellant's land was actually included in the strip of land on which the new road was constructed. However, the court, in instruction No. 1, submitted that question to the jury and instructed them properly on the measure of damages in the event they found that any of the plaintiff's land had been appropriated by the County.

One of the grounds advanced by appellant for a new trial was alleged error in the admission and rejection of evidence. No error in this respect is pointed out in his brief, and a careful inspection of the record reveals none.

The principal grounds urged in appellant's brief for reversal of the judgment are alleged errors in the instructions. It is asserted that the instructions given are erroneous, and that the court failed to give the whole law of the case, but we are precluded from considering these complaints since appellant neither objected nor excepted to any instruction nor did he offer any instruction on the issues he now claims were not presented to the jury. Appalachian Stave Co. v. Liberman, 271 Ky. 663, 113 S. W. 2d 48; Norfolk & W. R. Co. v. McCoy, 250 Ky. 190, 61 S. W. 2d 1080; Grigsby v. Grigsby, 249 Ky. 727, 61 S. W. 2d 605; Page's Adm'r v. Scott, 245 Ky. 648, 54. S. W. 2d 23.

The judgment is affirmed.