## INTERSTATE ACCEPTANCE CORP. v. HUMPHRESS.

Court of Appeals of Kentucky.
June 15, 1951.

Wade & Mapother, Louisville, for appellant.

Morris & Garlove, Charles W. Morris, and Nicholas Johnson, all of Louisville, for appellee.

CAMMACK, Chief Justice.

This is the second appeal of this case. Interstate Acceptance Corporation v. Humphress, 309 Ky. 614, 218 S.W.2d 663. The action was instituted by the appellant to recover an automobile or its value under a conditional sales contract. On the first trial the court directed a verdict in favor of the appellee who was defendant below. We reversed that judgment on the first appeal because there was enough evidence to take the case to the jury on the question of whether the appellant was a holder in due course. We said that, if there was a defect in the title the appellant held to the car, and it had actual knowledge of the defect or knowledge of such facts that its action in taking the writing amounted to bad faith at the time the contract was assigned to it, it was not a holder in due course. We pointed out also that the testimony was sharply conflicting and said that the issues should have been submitted to the jury under proper instructions.

The evidence on the second trial was substantially the same. There was some additional evidence, however, tending to show that the appellant's manager was not present during any of the negotiations for the sale of the automobile, and that he knew nothing concerning what was going on between the garage man, who had the car in his possession for a while, and Humphress, who was the purchaser. The first opinion sets out the dealings and manipulations between the parties involved in this transaction, and it would serve no useful purpose to review them here. Again we say that the question, whether the appellant was a holder in due course, was one for the jury.

The appellant offered two instructions. The first was a peremptory in its favor. The second instruction follows: "Paragraph II:—To find the verdict for the plaintiff, Interstate Acceptance Corporation and against the defendant, Shelby Humphress, if you believe from the evidence that there was a defect in the note and conditional sales contract executed by the defendant, Shelby Humphress, to the Priddy Auto Sales, referred to in the evidence and sued on by the plaintiff in this action, and that the plaintiff had actual knowledge of such defect, or knowledge of such facts that its action in taking the said note and conditional sales contract amounted to bad faith at the time the said note and contract were assigned to the plaintiff."

The appellee also offered instructions. On his own motion the court gave the following instruction:

"1. The Plaintiff claims that the defendant owes it $800.00. This the defendant denies.

"You have heard all the testimony relative to the matter. You will take it and apply your common sense to the situation and the testimony, and if you believe from the evidence that the defendant owes the money you will find for the plaintiff for $800.00.

"If you believe from the evidence that the defendant does not owe the money you will find for the defendant."

Actually, the second instruction offered by the appellant was a peremptory in its favor, because that instruction directed the jury to find for it, even though they believed there was a defect in the conditional sales contract, and even though the appellant acted in bad faith. These were the questions which, under the former opinion, should have been submitted to the jury.

It may be that the court did not instruct the jury on all of the law in the case, but that is another question. Since the appellant did not offer any instructions on its theory of the case other than peremptory instructions, we fail to see how it is in position to complain now of the instruction given by the court. See Appalachian Stave Co. v. Liberman, 271 Ky. 663, 113 S.W.2d 48; Sandmann v. Sheehan, 279 Ky. 614, 131 S.W.2d 484, and cases cited therein.

Judgment affirmed.