### RUNNER v. HUDSON.

Court of Appeals of Kentucky.
March 28, 1952.

Rodes K. Myers, Wm. H. Natcher, Bowling Green, for appellant.

Bell, Stagner & Orr, Bowling Green, for appellee.

WADDILL, Commissioner.

Appellant, Dallas Runner, instituted this action against V. O. Hudson, to recover damages for personal injuries sustained as a consequence of an accident involving a motor bike which he was operating and a truck driven by V. O. Hudson. A jury trial resulted in a verdict for Hudson. Appellant seeks a reversal upon the grounds: (1) That the verdict of the jury was flagrantly against the evidence; (2) that the court erred in failing to give an instruction authorizing a recovery under the doctrine of the "last clear chance"; and, (3) that the instructions failed to set forth all of the duties required of appellee in the operation of his vehicle.

The accident occurred on the Richardsville Road on the afternoon of October 14, 1948. Appellant testified that he was operating his motor bike at approximately 10 miles per hour and was proceeding towards Bowling Green on his right side of the road. He stated that he saw appellant's truck approaching from the direction of Bowling Green and when the truck was within about 5 feet of his motor bike, appellee suddenly "cut his truck sharply to the left" and upon appellant's side of the road, thereby causing it to collide with the motor bike. Appellant stated that there was a hole in the macadam surface of the road on the side on which appellee was driving which was located directly in front of the truck immediately before the accident occurred, thereby suggesting the cause of the accident.

According to appellee's testimony he was driving his truck at about 25 miles per hour on his right side of the road, traveling toward Richardsville. Appellee stated that when he approached within about 15 feet of appellant's motor bike, appellant made a "quick cut" with his motor bike causing it to come over upon appellee's side of the road and to run into the front of his truck.

Appellee introduced several witnesses who testified that they saw the accident occur and their testimony substantiates appellee's evidence. Other witnesses who saw the position of the vehicles immediately after the accident testified that it appeared that the collision occurred upon appellee's side of the road. It was established that no other vehicle was near the place of accident at the time it occurred. Charles Tuggle testified that "at that place (referring to the scene of accident) the road was bad from loose rock and it looked to me as if a tire might have blown out and it swerved into the truck." On cross-examination appellee refused to state positively that he had not been "drinking."

It is clear that appellant's first contention is without merit. There was an abundance of evidence that supports appellee's testimony. The testimony of every witness, except appellant, sustains appellee's theory of how the accident occurred. The jury was at liberty to believe either of the parties and its action in finding that appellant was in fault was amply justified. A verdict is not contrary to the evidence when supported by substantial testimony, notwithstanding its contradiction by other testimony. Monohan v. Grayson County Supply Co., 245 Ky. 781, 54 S.W.2d 311; Bryson v. Raum's Adm'r, 243 Ky. 121, 47 S.W.2d 927.

Appellant next insists that he was entitled to an instruction under the doctrine of "last clear chance." In view of the fact that he did not offer any written instruction on this theory of the case, he cannot now complain. Gibson v. Letcher County, 299 Ky. 304, 185 S.W.2d 403; Appalachian Stave Co. v. Liberman, 271 Ky. 663, 113 S.W.2d 48; Norfolk & W. R. Co. v. McCoy, 250 Ky. 190, 61 S.W.2d 1080; Grigsby v. Grigsby, 249 Ky. 727, 61 S.W.2d 605; Page's Adm'r v. Scott, 245 Ky. 648, 54 S.W.2d 23; Stanley's Instructions to Juries, section 13, p. 20.

The final point argued for reversal is that the instructions given by the court fail to give the duties required of appellee in the operation of his truck. We have examined the instructions and find that appellee's duties were accurately and adequately set forth. In Cumberland Bus Co. v. Helton, 227 Ky. 587, 13 S.W.2d 753, the facts were similar to those in the instant case and in the course of that opinion the court spelled out the correct instructions to be given in cases of this kind. The instructions before us are modeled to conform therewith and include all of the statutory duties that were required to be performed by the parties under the evidence in this case.

Judgment affirmed.