## JARBOE v. SHANE.

Court of Appeals of Kentucky.

Jan. 30, 1953.

Hatcher & Lewis, Elizabethtown, Shelby M. Howard, Hodgenville, for appellant.

L. H. Mather, Hodgenville, Jones, Keith & Jones, Louisville, for appellee.

STEWART, Justice.

For the purpose of this appeal appellant will· be referred to as "Baird" and appellee as "Shane".

Two errors are assigned on the appeal: First, the court erred in failing to give to the jury "Instruction No. 2" offered by Baird covering·proximate cause; and second, the court erred in submitting to the jury Baird's·contributory negligence, set out in "Instruction No. 9" given by the court, because Shane did not allege such a fact.

The litigation grew out of the following incident: At or about 1:00 p. m., on May 27, 1949, J. M. Baird was operating his automobile in a westwardly direction on a gravel road in Larue County while Roy Shane was driving his automobile eastwardly and approaching·Baird on the same road. They collided ·with each other, as a result of which both cars were damaged and both drivers injured. Shane sued Baird for property damage and personal injuries aggregating $2,050. Baird answered with a denial and a plea of contributory negligence and also counterclaimed against Shane for $15,000 for personal injuries and property damage. By agreement any affirmative matter contained in any pleading was controverted of record.

A trial was had and this verdict was returned: "We the jury find all parties of the suits guilty of negligence and award no damages to any parties."

On March 22, 1951, Baird died testate, but his death was not the result of any injury sustained in the accident, and this appeal is prosecuted by Thelma Jarboe, his executrix.

Turning to the first ground urged for reversal, it is admitted that the court in giving "Instruction No. 1" tendered by Baird, which outlined the duties of Shane, failed to submit "Instruction No. 2" offered by him, which last· instruction would have told the jury to find for Baird if they be-

lieved from the evidence that Shane was negligent in failing to exercise any of the duties set forth in the first instruction and such negligence was the proximate cause of Baird's damage and injuries.

 A refusal of the court to give a requested instruction on proximate cause where the party making such request is entitled to it, as here, would ordinarily constitute a reversible error. See Prichard v. Collins, 228 Ky. 635, 15 S.W.2d 497, and Interstate Coal Co. v. Love, 153 Ky. 323, 155 S.W. 746. However, we have repeatedly held that an error in instructions will not be a ground for reversal where it appears that such error was not prejudicial to the substantial rights of any party involved. Codell Construction Co. v. Steele, 247 Ky. 173, 56 S.W.2d 955.

An examination of the record in this case leads us to the inescapable conclusion that the jury was not misled by the failure to give the instruction offered. The jury found both of the parties to be negligent in connection with the accident and decided neither side was entitled to recover anything. The result would have unquestionably been the same if the instruction offered by Baird had been given. In Norfolk & W. Ry. Co. v. Hensley's Adm'r, 252 Ky. 223, 67 S.W.2d 11, 13, where a proper instruction was offered but refused and an erroneous instruction was given, we held that a reversible error had not been committed for reasons somewhat similar to those set forth herein. In that case we said: "From a consideration of the entire record, it is therefore manifest that the result would have been the same if the instruction offered by appellant had been given. This court is not authorized to reverse a judgment because of error in instruction or other error unless it is affirmatively made to appear that the substantial rights of the complaining party were prejudiced thereby." We do not believe the error complained of is so prejudicial to the substantial rights of Baird that we should reverse on this point.

Coming now to the second contention, it is insisted the court improperly in-

structed on the contributory negligence of Baird when such had not been pleaded by Shane. This argument would have some merit if Baird in his motion and grounds for a new trial had included this error of the court. Since the instruction was not properly challenged below, it cannot now be raised on this appeal for the first time. Commonwealth v. Ball, 246 Ky. 584, 55 S.W.2d 413, and Greer v. Farrar, 223 Ky. 564, 4 S.W.2d 367.

Wherefore, the judgment is affirmed.