**VALLEY POULTRY FARMS, INC.,**
a Corporation, Appellant,

v.

**Calip PREECE et al., Appellees.**

Court of Appeals of Kentucky.

Sept. 23, 1966.

H. David Hermansdorfer, Diederich & Hermansdorfer, Ashland, for appellant.

Jack Q. Heath, Louisville, for Ky. Farm Bureau Federation, amicus curiae.

Kelley Asbury, Catlettsburg, for appellees.

WOODWARD C. TIPTON, Special Commissioner.

This is an action for permanent damages because of a private nuisance.

It appears that appellant bought its land about 1961 and constructed four chicken houses for laying hens. The land is located in a rural part of Boyd County on the Durbin road, with one of the chicken houses being alongside the Durbin road. The appellees acquired their land about 1936 and the main residence of the appellees is located about 250 to 300 feet from the chicken houses and the rental house of appellees is located about 150 feet from the nearest chicken house. The generally prevailing wind is from the chicken houses toward the residences.

The appellees complained of the chicken houses because of the noise, odor, insects and dust therefrom. The noise begins about 4:00 A.M., when it awakens appellees in their home preventing sleeping thereafter. The odors are so bad that the windows in the home have to be kept closed in the summer time, forbidding the use of fans. Appellees said no meal was fit to eat because of the odor and the dust caused by the hens flying and hitting the ceilings in the chicken houses. Dust therefrom settles on the appellees' property. Because of the chicken manure there are many flies so that clothes cannot be hung out to dry without the clothes being flecked by the flies.

The appellant admitted there had been a temporary condition from the odor of wet chicken manure and an overflow from an artesian well under a chicken house over onto appellees' property, polluting the cattle watering hole of appellees; that an injustice had been done and they did what they could to correct it. For appellant it was shown that after correction there was no adverse finding by the county and state health departments; that the chicken houses were built and maintained according to the highest standards and that they used due care and were not guilty of negligence and that the business was a lawful business.

The jury found that the operation of the chicken houses was a permanent nuisance and awarded a verdict of $5,000.00 to appellees. The appellant does not complain of the instructions, nor does appellant complain of an excessive verdict.

The appellant raises three questions on appeal as follows:

1. That the evidence does not support the jury finding that the commercial poultry operation, operated with due care in a rural area and of the smallest size to be economically feasible, is a permanent nuisance;

2. Where the evidence shows that an alleged nuisance arose after commencement of a commercial poultry operation, it is error to prove damage by considering value "without" the poultry houses;

3. The jury verdict must be set aside on the law and evidence in this case.

The three questions will be considered by the court in the order raised.

The jury found in answer to an interrogatory that appellant did operate its poultry houses with due care and there was no evidence but what they were located in a rural area and were of the smallest size to be economically feasible. The only thing to be considered is whether although the chicken houses were operated with due care, they are still a permanent nuisance. There was evidence by the appellant that there had been a temporary situation of which appellees might complain, but there was evidence by appellees and their witnesses that the odors, noises, dust and insects were continuing matters and one witness testified as to insects up until about a month before the trial. This court finds that there

was probative evidence of value upon which the jury could and obviously did find that there was a permanent nuisance.

"If the structure is in character relatively enduring and not likely to be abated, either voluntarily or by an order of court, it is generally held that the nuisance is a permanent one." Searcy v. Kentucky Utilities Co. (1954) Ky., 267 S.W.2d 71.

█ Even when the business is lawful in itself and is being operated with due care, yet a use of the property that is otherwise reasonable (in the sense of non-negligent) may be rendered unreasonable by the gravity of its effect upon the use and enjoyment of other property and therefore it can be a nuisance. Associated Contractors Stone Co. v. Pewee Valley Sanitarium, etc. (1964) Ky., 376 S.W.2d 316.

The evidence supports the jury finding although there was some conflicting testimony. In such case the verdict may not be deemed unsupported by the evidence. Runner v. Hudson (1952) Ky., 247 S.W.2d 522.

█ The appellant complains that the measure of damages as testified to by the expert witness produced by the appellees does not meet the requirements as set forth in Searcy v. Kentucky Utilities Co. (1954) Ky., 267 S.W.2d 71. This contention is based on the questions propounded to the expert witness which were:

Q. What would be the market value without the chicken houses?

A. $19,500.00 in my opinion.

Q. Do you have an opinion as to what it would be worth with the chicken houses there?

A. I would say $13,000.00.

Standing alone, and without further explanation and testimony, this would be objectionable as it could include damages just from the fact that the chicken houses were there and this would not be compensable. However, the expert witness had previously testified to the objectionable factors he had noticed in August, 1964, (and prior thereto), namely, a great quantity of gnats on the property, on the rental house lawn and on the road, and also the odor, and some residue in a little stream in a drainage area from the chicken houses and that this affected the market value. On cross-examination the appellant brought out from the expert witness that if there were no odors, if there were no overflow, if there were no insects, if there were no noise, then the damage would not be there, that is, the chicken houses alone would not damage. In fact, appellant proved by its own expert witness that the mere presence of a chicken house next to the land of Calip Preece would not have any effect on the value of the Preece land. The jury hearing this testimony knew that the mere fact that the chicken houses were there did not lower the value of the property; that it was the noise, odor, dust, and insects that affected the value and therefore the jury was not deceived and we cannot see how the substantial rights of the appellant were prejudiced thereby. All during the trial it had been emphasized that there was no complaint as to the chicken houses themselves. There is no complaint on appeal that the verdict is excessive and this objection could only affect the amount of the verdict, if at all. There is no complaint as to the instructions on the correct measure of damages.

█ Appellant complains that the jury ignored the instructions, but no complaint is made of the instructions and a verdict is "contrary to law" only when it is contrary to instructions. Brumley v. Mary Gail Coal Co. (1952) Ky., 246 S.W.2d 148. Since the evidence supports the verdict and the instructions, no new trial may be properly granted.

The Kentucky Farm Bureau Federation filed a brief as *amicus curiae* in behalf of the appellant and stresses the importance of the poultry industry to Kentucky, the low margin of profit, and the use of the best

designed chicken houses. It is contended that to hold against appellant would be to hold that poultry raising is a nuisance *per se* and that this business cannot be conducted in the Commonwealth of Kentucky.

The lower court was very careful to instruct the jury and among other things instructed the jury to consider the lawful nature of the chicken industry, the importance of its business and its influence on the growth and prosperity of the community. The lower court did not instruct that poultry raising was a nuisance *per se*.

It appears that the appellees were there first and appellant in the exercise of its business judgment erected a chicken house alongside a road and about 150 feet from a rental house and about 300 feet from the home of Calip Preece and his wife. Surely, appellant or its officers and manager knew from their past experience that a chicken house will cause odors, noise, dust and insects and that there is no way to control same or else surely they would have done something to eliminate the same. The counsel for appellant knew that the jury might be sent to inspect the premises and this court can only conclude that they were as clean as they could be made at the time the jury inspected, and the jury gave a unanimous verdict.

The keeping of poultry has been a source of much litigation in other jurisdictions and it has frequently been recognized that the keeping of chickens is not a nuisance *per se* but may become a nuisance because of the circumstances or manner in which the business is operated. Nuisance-Keeping Poultry (1965) 2 A.L.R.3d 966–978.

We do not hold that chicken houses are a nuisance *per se,* but that the location of the chicken houses in this action in such close proximity to appellees' property, together with the noise, dust, odors and insects arising therefrom constitute a permanent, private nuisance to appellees.

Wherefore, the judgment of the lower court is affirmed.